Affirmed and Memorandum Opinion filed July 6, 2010. 



 



 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-08-01047-CR



 

Andres Ventura Mejia, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 228th
District Court

Harris County, Texas

Trial Court Cause No. 829363



 

MEMORANDUM  OPINION

 

Appellant Andres Ventura Mejia challenges the trial
court’s denial of his motion for post-conviction DNA testing.  We affirm.

Background

  Deputy Terry Bernard of the Harris
County Sheriff’s Department was working at Funplex Amusement Center on November
20, 1999, when he noticed a pick-up truck parked away from all of the other
vehicles.  Deputy Bernard approached the vehicle and observed the complainant
and the appellant in the front passenger side of the truck.  Looking through
the window, Deputy Bernard observed that the complainant was lying on her back
in the front passenger seat and was nude except for her shirt, which was pulled
up over her chest.  Deputy Bernard also observed the appellant, who was
kneeling on the passenger floorboard and had his shirt unbuttoned and his pants
pulled down around his thighs.  Appellant was “leaning over and pressed against
[the complainant’s] nude body, and it appeared he was having sexual intercourse
with her.”  Deputy Bernard knocked on the truck’s window, and when he
ascertained that the complainant was under the legal age of consent, Deputy
Bernard asked appellant to leave the vehicle and placed the appellant under
arrest.[1] 


Appellant was charged with aggravated sexual assault
of a child.  On March 2, 2000, he pled guilty and was sentenced to 12 years’
confinement.  On October 13, 2006, appellant filed an original motion for
post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of
Criminal Procedure, and included a signed affidavit.  Neither the motion nor
the affidavit included all of the elements necessary to pursue a claim under
Chapter 64.  See Tex. Code Crim. Proc. Ann. § 64.01(a) (Vernon Supp.
2009).[2] 
Appellant filed an amended motion for post-conviction DNA testing on April 17,
2008.  The trial court conducted a hearing on this motion on September 4,
2008.  His motion requested DNA testing of a “sexual assault kit, clothing, blood
stain card and panties cutting;” it became clear at the hearing that appellant
specifically was seeking testing of blood found on complainant’s panties.  The
trial court noted that the statutorily required affidavit was absent from
appellant’s motion.  The hearing was reset for October 15, 2008, to allow trial
counsel to obtain an affidavit from appellant.[3] 


Trial counsel obtained an affidavit from appellant on
September 26, 2008.  The affidavit states as follows:

My name is Andres Ventura Mejia, and I am the affiant of
this affidavit.  My attorney . . . notified me that:

“The issue now is whether your lawyer . . . before your
plea of guilty informed you that there was evidence suitable for DNA testing
and whether you informed your lawyer to request DNA testing on that evidence.”

I declare that [my attorney] did advised [sic] me that in
the evidence, clothing recovered in this case, there was a small amount of
blood.  [My attorney] also stated that if he were the District Attorney, he
would take me to a doctor.  I did request to [my attorney] that I wanted to go
to a doctor.  [My attorney] said that it was’nt [sic] advisable.

I have read the above foregoing instrument and declare that
each and every factual allegation contained herein is true and correct to my
own personal knowledge.

Appellant’s attorney had not filed the affidavit as
of the morning of the scheduled hearing on October 15, 2008.  In the meantime,
the trial court signed an order denying appellant’s motion on October 7, 2008.

The trial court denied appellant’s motion on the
grounds that (1) appellant’s motion for DNA testing did not include a sworn
affidavit from the appellant containing statements of fact in support of his
motion; (2) appellant failed to demonstrate that DNA testing had not previously
occurred through no fault of his own; and (3) in light of Deputy Bernard’s
affidavit, appellant failed to establish by a preponderance of the evidence
that he would not have been convicted if exculpatory results had been obtained
through DNA testing.  Appellant appeals the trial court’s order denying his
motion for post-conviction DNA testing.

Analysis

In his sole issue, appellant contends that the trial
court erred in denying his motion for post-conviction DNA testing without first
reviewing appellant’s affidavit.  

We review a trial court’s denial of a request for
post-conviction DNA testing under a bifurcated standard.  Rivera v. State,
89 S.W.3d 55, 59 (Tex. Crim. App. 2002); Baggett v. State, 110 S.W.3d
704, 706 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d).  We defer to a
trial court’s findings of fact when they are supported by the record.  Esparza
v. State, 282 S.W.3d 913, 921 (Tex. Crim. App. 2009).  We also defer to a
trial court’s application of law to fact questions that turn on credibility and
demeanor.  Id.  We review pure legal issues de novo.  Id. 
If the trial court’s decision is correct on any theory of law applicable to the
case, we will sustain the decision.  State v. Ross, 32 S.W.3d 853,
855-56 (Tex. Crim. App. 2000) (en banc).

Texas Code of Criminal Procedure section 64.01
governs a convicted person’s request for post-conviction DNA testing:

(a) A convicted person may submit to the convicting court a
motion for forensic DNA testing of evidence containing biological material.  The
motion must be accompanied by an affidavit, sworn to by the convicted person,
containing statements of fact in support of the motion.

(b) The motion may request forensic DNA testing only of
evidence described by Subsection (a) that was secured in relation to the
offense that is the basis of the challenged conviction and was in the
possession of the state during the trial of the offense, but:

(1) was not previously subjected to DNA testing:

(A) because DNA testing was:

(i) not available; or

(ii) available, but not technologically capable of providing
probative results; or

(B) through no fault of the convicted person, for reasons
that are of a nature such that the interests of justice require DNA testing; or

(2) although previously subjected to DNA testing, can be
subjected to testing with newer testing techniques that provide a reasonable
likelihood of results that are more accurate and probative than the results of
the previous test.

Tex. Code Crim. Proc. Ann. §
64.01.

To be entitled to post-conviction DNA testing under section
64.03, a convicted person must establish that (1) the evidence exists in a
condition making DNA testing possible; (2) the evidence has been subjected to a
sufficient chain of custody to establish its integrity; (3) identity was or is
an issue in the case; (4) he would not have been convicted if exculpatory
results had been obtained through DNA testing; and (5) the request for DNA
testing is not made to unreasonably delay the execution of his sentence or
interfere with the administration of justice.  Id. § 64.03(a) (Vernon Supp.
2009); Dinkins v. State, 84 S.W.3d 639, 641-42 (Tex. Crim. App. 2002).

In determining the effect of exculpatory results on a
conviction, we must assume that all of the post-conviction results would be
favorable to the appellant.  Routier v. State, 273 S.W.3d 241, 257 (Tex.
Crim. App. 2008).  The appellant must establish by a preponderance of the
evidence that he would not have been convicted if exculpatory results had been
obtained through DNA testing.  Tex. Code Crim. Proc. Ann. § 64.03(a)(2); Routier,
273 S.W.3d at 257.  The appellant has not met this burden if exculpatory test
results would “merely muddy the waters.”  Rivera, 89 S.W.3d at 59. 
Further, even if results could be exculpatory, they are considered in the
context of all other relevant evidence.  See Wilson v. State, 185 S.W.3d
481, 485 (Tex. Crim. App. 2006) (en banc); Johnson v. State, 183 S.W.3d
515, 520 (Tex. App.—Houston [14th Dist.] 2006, pet. dism’d).  DNA testing must
conclusively outweigh all other evidence of the convicted’s guilt.  Jacobs
v. State, 115 S.W.3d 108, 113 (Tex. App.—Texarkana 2003, pet. ref’d).

Appellant’s sole argument is that the trial court
erred in denying his motion for post-conviction DNA testing without considering
appellant’s affidavit.  Section 64.01(a) states, “[a] convicted person may
submit to the convicting court a motion for forensic DNA testing of evidence
containing biological material.  The motion must be accompanied by an
affidavit, sworn to by the convicted person, containing statements of fact in
support of the motion.”  Tex. Code Crim. Proc. Ann. § 64.01(a).  

Even if it is assumed for argument’s sake that the
trial court erred in denying appellant’s motion for DNA testing without
considering appellant’s affidavit, no harm resulted because the affidavit
failed to establish that the appellant would not have been convicted if “exculpatory”
results had been obtained through DNA testing.  See id. §
64.03(a)(2)(A).  At most, appellant’s affidavit asserts that he asked for DNA
testing and his lawyer said it “was’nt [sic] advisable.”  The affidavit did not
address whether appellant would have been convicted had the DNA test returned
“exculpatory” results.

Appellant contends that if the blood on the
complainant’s panties is tested, and the test reveals that the blood did not
belong to appellant or complainant, then the test results would confirm
appellant’s claim of innocence.  Appellant’s argument fails because the
presence of a third party’s DNA will not, without more, constitute affirmative
evidence of appellant’s innocence.  Prible v. State, 245 S.W.3d 466, 470
(Tex. Crim. App. 2008); Bell v. State, 90 S.W.3d 301, 306 (Tex. Crim.
App. 2002) (en banc).  

Appellant also fails to meet his burden in light of
Deputy Bernard’s eyewitness account.  See Prible, 245 S.W.3d at 470; Whitaker
v. State, 160 S.W.3d 5, 9 (Tex. Crim. App. 2004) (“Regardless of whose
blood is on the rifle, other evidence at trial established Whitaker’s guilt . .
.”).  Deputy Bernard observed the complainant lying on her back in the
passenger seat of the vehicle, nude except for her shirt which was pulled up
over her chest.  Deputy Bernard also observed appellant kneeling in front of
complainant on the floorboard, with his shirt unbuttoned and his pants pulled
down around his thighs.  Deputy Bernard observed appellant leaning over and
pressed against complainant’s nude body, and it appeared to the officer that
appellant was having sexual intercourse with complainant.

A person can be convicted of aggravated sexual
assault if it is demonstrated that he intentionally or knowingly caused the
sexual organ of a child younger than 14 years of age to contact the sexual
organ of another person, including the actor.  Tex. Penal Code Ann. §
22.021(a)(1)(A)(iii), (a)(2)(B) (Vernon Supp. 2009).  In light of Deputy
Bernard’s affidavit, appellant has not demonstrated by a preponderance of the
evidence that he would not have been convicted if “exculpatory” DNA test
results were returned.  See Johnson, 183 S.W.3d at 520 (although DNA
test demonstrated that semen stain on complainant’s underwear could not belong
to appellant, appellant failed to meet burden because (1) police officer caught
him at the crime scene with complainant; (2) DNA testing of vaginal swabs
indicated appellant as a possible assailant; and (3) evidence was presented
that complainant was sexually active during period in which the assault
occurred).  

These circumstances distinguish this case from others
in which evidence or testimony suggested that the recovered biological material
belonged to the true assailant.  See Esparza, 282 S.W.3d at 922; Blacklock
v. State, 235 S.W.3d 231, 232 (Tex. Crim. App. 2007) (exculpatory test
results would establish innocence where victim’s lone attacker is the donor of
the material for which appellant seeks DNA testing).  In this case, there is no
evidence that the person who assaulted the complainant deposited the blood. 
Nor is there anything in the record to suggest that the blood was left on the panties
on the date of the offense.  See Smith v. State, 165 S.W.3d 361, 364
(Tex. Crim. App. 2005) (appellant was not entitled to DNA testing because even
if blood on the murder weapon belonged to a third party, it could have been
left on the weapon before the date of the offense) (citing Whitaker, 160
S.W.3d at 5).  

Appellant failed to establish by a preponderance of
the evidence that that he would not have been convicted if “exculpatory”
results had been obtained through DNA testing.  See Tex. Code Crim. Proc.
Ann. § 64.03(a)(2).  Appellant set forth only a bare assertion that the
biological samples might belong to someone else, which is not enough to meet
his burden.  See Bell, 90 S.W.3d at 306.  We overrule appellant’s sole
issue.

 

Conclusion

We affirm the trial
court’s denial of appellant’s motion for post-conviction DNA testing.








                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Justices Frost,
Boyce, and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).

 









[1]
Appellant was 52 years old at the time of the incident, and is the uncle of
complainant.  In an addendum to the judgment, complainant’s age is listed as 10
years old at the time of the incident.  Both the State’s and appellant’s briefs
say that complainant was 12 years old at the time of the incident.  Regardless,
complainant was younger than 14 years old, as required by the Aggravated Sexual
Assault statute.  See Tex. Penal Code Ann. § 22.021(a)(2)(B) (Vernon
Supp. 2009). 





[2]
Neither the motion nor the affidavit (1) identified the evidence for which the
appellant was requesting testing; (2) asserted that the lack of previous
testing was by no fault of the appellant; or (3) explained how exculpatory
results would establish by a preponderance of the evidence that the appellant
would not have been convicted.





[3]
Texas Code of Criminal Procedure section 64.01(a) requires that the motion be
accompanied by an affidavit containing statements of fact in support of the
motion.  Tex. Code Crim. Proc. Ann. § 64.01(a).  In this instance, the trial
court requested that appellant submit an affidavit explaining why the evidence
had not been previously subjected to DNA testing through no fault of appellant.