# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00750-CR

### In re Charles Raymond Lee, Jr.

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
NO. 03-798-K277, HONORABLE KEN ANDERSON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Charles Raymond Lee was convicted of two counts of aggravated sexual assault and sentenced to life imprisonment. The convictions were affirmed on appeal. *Lee v. State*, No. 03-05-00211-CR, 2006 Tex. App. LEXIS 4330 (Tex. App.—Austin May 19, 2006, no pet.) (mem. op., not designated for publication). Lee now appeals the district court's orders denying his motions for forensic DNA testing and for appointed counsel. *See* Tex. Code Crim. Proc. Ann. art. 64.01 (West Supp. 2010). We affirm.

At Lee's trial, the complainant testified that a man with a bandanna covering his face entered her apartment through a sliding glass door and sexually assaulted her at gunpoint. The man penetrated her sexual organ with his penis (count one) and contacted her sexual organ with his mouth (count two). Following the assault, the man forced the complainant to take a shower in an apparent effort to eliminate biological evidence. Nevertheless, semen was recovered from the complainant

during the sexual assault examination, and DNA testing indicated that the semen was appellant's.[1]

Appellant, who represented himself at the trial, told the jury in both his opening statement and closing argument that he had consensual sexual intercourse with the complainant. He denied having oral sex.

In his chapter 64 motion, appellant asked the court to order testing of the swabs collected during the sexual assault examination for the presence of saliva. He argued that the absence of saliva would prove that he was not guilty of the assault alleged in count two. The court denied the motion, finding that: (1) appellant failed to establish that the evidence was not previously subjected to DNA testing through no fault of his own; (2) appellant's identity was not an issue in the case; and (3) appellant did not establish by a preponderance of the evidence that he would not have been convicted had exculpatory results been obtained. *See* Tex. Code Crim. Proc. Ann. arts. 64.01(b)(1)(B), 64.03(a)(1)(B), (2)(A) (West Supp. 2010). Appellant brings forward a point of error challenging each of these findings. In our review, we give almost total deference to the trial court's findings of historical fact and its resolution of mixed questions of law and fact that turn on witness credibility and demeanor, but we review all other legal questions de novo. *Routier v. State*, 273 S.W.3d 241, 246 (Tex. Crim. App. 2008).

A defendant can make identity an issue in the case by showing that DNA tests would prove his innocence. *Esparza v. State*, 282 S.W.3d 913, 922 (Tex. Crim. App. 2009); *Blacklock v. State*, 235 S.W.3d 231, 233 (Tex. Crim. App. 2007). But if DNA testing would not determine the

_____

[1] The State's expert testified that the probability of selecting an unrelated person at random who could be a contributor to the sperm cell fraction was approximately one in 447,400 for black Americans. The record shows that appellant is black.

2

identity of the person who committed the offense or would not exculpate the person convicted, then these requirements are not met. *Pribble v. State*, 245 S.W.3d 466, 470 (Tex. Crim. App. 2008).

Given the results of the DNA testing that was performed and appellant's own admissions during the trial, there is no issue as to appellant's identity as the man who penetrated the complainant with his penis as alleged in count one. An absence of saliva on the swabs would not be exculpatory as to the oral sex count because the attacker would not necessarily have left saliva on the complainant's body and because the complainant was forced to shower after the assault. The record supports the district court's findings that identity was not an issue and that appellant failed to show that he would not have been convicted on count two if exculpatory results had been obtained through DNA testing. Points of error two and three are overruled. We need not address point of error one.

A trial court must appoint counsel to assist a defendant in a chapter 64 proceeding if there are reasonable grounds for a testing motion to be filed. Tex. Code Crim. Proc. Ann. art. 64.01(c). Reasonable grounds are present when the facts stated in the request for counsel or otherwise known to the trial court reasonably suggest that a valid or viable argument for testing can be made. *Ex parte Gutierrez*, 337 S.W.3d 883, 891 (Tex. Crim. App. 2011). Given the bare allegations in appellant's motion and the state of the record, we hold that the trial court did not abuse its discretion by concluding that reasonable grounds were not shown in this case. Point of error four is overruled.

The orders overruling Lee's motions for counsel and forensic DNA testing are affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed:   August 11, 2011

Do Not Publish