**Affirmed and Opinion Filed February 11, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00896-CR

### WARREN DAVIS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 7
### Dallas County, Texas
### Trial Court Cause No. F08-51421

## OPINION

Before Justices FitzGerald, Lang, and Fillmore
Opinion by Justice FitzGerald

Appellant was convicted of the murder of his girlfriend, and this Court affirmed his conviction. *See Davis v. State*, No. 05-08-01527-CR, 2011 WL 6157347 at *3 (Tex. App.—Dallas Dec. 13, 2011, pet. ref'd) (not designated for publication). This is an appeal from the trial court's denial of appellant's post-conviction motion for DNA testing. In a single issue, appellant argues the trial court erred in denying his motion because the evidence establishes there is a 51% chance he would not have been convicted if the results of the DNA test had been available. We affirm.

## BACKGROUND

Appellant was convicted of shooting and killing his girlfriend in the house where he lived. *Id.* at *1. On the night of the murder, appellant and his girlfriend, as well as his roommate

and the roommate's girlfriend were all in the house. After appellant called 911, police responded to the scene and found the victim in appellant's bedroom. The evidence adduced at trial showed that the victim died from a single gunshot wound inflicted at three to eight feet away. The bedroom window was open, but the blinds were closed. There was no gunshot residue on the blinds. *Id.*

The shot that killed the victim came from a 9mm gun that was never recovered. Two 9mm spent shell casings were found on the floor and a bullet was retrieved from inside a pillow on the bed. *Id*. at *2. Appellant's wallet and a woman's purse were found outside the house on the ground near appellant's bedroom window. Although it had been raining and was muddy, there were no footprints on the ground. *Id*. The State's theory at trial was that appellant killed the victim and staged the scene to make it look like an intruder had killed the victim in a robbery. *Id*. at *1.

After finding appellant guilty, the jury assessed punishment at fifteen years' imprisonment. *Id*. This Court affirmed the conviction. *Id*. at *3.

Following conviction, appellant filed a pro se motion for DNA and fingerprint testing on the wallet and purse that were found outside appellant's bedroom window. In an affidavit attached to the motion, appellant expressed the belief that testing would show that "some other person handled these items," and would provide evidence to contradict the State's theory that he staged the crime scene. In response, the court notified the State of the request for forensic DNA testing, and ordered that the district attorney deliver the evidence to the court, or alternatively, explain why the evidence could not be delivered. Pursuant to appellant's request, the court also appointed counsel.

The State responded, identifying the evidence and arguing that the request to collect fingerprints from the wallet and the purse was outside the scope of chapter 64 post-conviction

DNA testing. The State further argued that appellant failed to establish he would not have been convicted if exculpatory results had been obtained through DNA testing. The trial court did not conduct a hearing, but issued an order denying appellant's motion. The order states that the request for DNA testing is denied because appellant failed to establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through the testing. This appeal followed.

**ANALYSIS**

Appellant challenges the trial court's order denying his motion for DNA testing and claims that there is a 51% chance he would not have been convicted if the results of such testing had been available at trial. We review a trial court's decision on a motion for DNA testing under a bifurcated standard of review. *Whitaker v. State*, 160 S.W.3d 5, 8 (Tex. Crim. App. 2004). We afford almost total deference to the trial court's determination of issues of historical fact and issues of application of law to fact that turn on credibility and demeanor of witnesses. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). We review de novo other issues of application-of-law-to-fact questions that do not turn on the credibility and demeanor of witnesses. *Id.*

Chapter 64 of the code of criminal procedure governs a convicted person's request for post-conviction forensic DNA testing and contains multiple threshold requirements that must be met before an applicant is entitled to such testing. *See, e.g.*, TEX. CODE CRIM. PROC. ANN. arts. 64.01 (West Supp. 2013) (requirements for convicted person's motion), 64.03 (West Supp. 2013) (requirements to be entitled to DNA testing); *Swearingen v. State*, 303 S.W.3d 728, 732-33 (Tex. Crim. App. 2010). Appellant bears the burden of satisfying all chapter 64 mandates. *Routier v. State*, 273 S.W.3d 241, 246 (Tex. Crim. App. 2008).

A motion for post-conviction DNA testing may request testing of "evidence containing biological material." TEX. CODE CRIM. PROC. ANN. art. 64.01(a)(a-1). Thus, as a threshold

matter, appellant was required to show the evidence sought to be tested contains biological material. TEX. CODE CRIM. PROC. ANN. art. 64.01(a); *Swearingen*, 303 S.W.3d at 732. Chapter 64 defines biological material as:

> An item that is in possession of the state and that contains blood, semen, saliva, skin tissue or cells, fingernail scrapings, bone, bodily fluids, or other biological evidence that may be suitable for forensic DNA testing.

TEX. CODE CRIM. PROC. ANN. art. 64.01(a)(1). The statute further provides, with regard to a motion for testing of the biological material:

> The motion may request forensic DNA testing only of evidence described by subsection (a-1) that was secured in relation to the offense . . . and was in possession of the state during the trial of the offense, but (1) was not previously subjected to DNA testing or (2) although previously subjected to DNA testing, can be subjected to testing with newer techniques . . . .

TEX. CODE CRIM. PROC. ANN. art. 64.01 (a-1) (b).

Appellant asserts that the individual who dropped the purse and wallet on the ground "necessarily left deposits of oil and skin from their hands and fingers." According to appellant, if the DNA on both items is from the same person and does not match appellant's DNA, "it would constitute objective corroboration of the defensive theory that the victim was killed during a robbery." Appellant's argument is based on the assumption that there was biological material on the purse and wallet. But there is no evidence in the record to support this presumption.

According to the Texas Court of Criminal Appeals, "[a] literal reading of the statute unequivocally mandates that all evidence to be tested must first be proven to contain biological material." *Swearingen*, 303 S.W.3d at 732. While chapter 64 does not outline a method or procedure for determining whether biological material exists on a piece of evidence, a "mere assertion" or "general claim" of the existence of biological material on a piece of evidence is not enough to satisfy appellant's burden. *Id.* (citing *Routier*, 273 S.W.3d at 256); *see also Dinkins v. State*, 84 S.W.3d 639, 642 (Tex. Crim. App. 2002) (convicted person must do more than merely

–4–

assert chapter 64's requirements have been met). If an appellant fails to provide facts supporting his motion, "we cannot say that the convicting court erroneously determined that appellant failed to show existence of evidence containing biological material that should be subjected to DNA testing." *Dinkins*, 84 S.W.3d at 642. Here, the record is void of any concrete evidence that biological material existed on the purse and wallet. Therefore, appellant failed to meet his threshold burden.

But even if appellant had demonstrated that the items he seeks to test contain biological material, appellant did not establish that he would not have been convicted if exculpatory results had been obtained through DNA testing. The trial court could order the requested testing only if appellant also established by a preponderance of the evidence that he met the requirements of section 64.03(a) of the code of criminal procedure. TEX. CODE CRIM. PROC. ANN. art. 64.03(a); *Leal v. State*, 303 S.W.3d 292, 295–96 (Tex. Crim. App. 2009). Under article 64.03(a), appellant was not entitled to post-conviction DNA testing unless he showed "that unaltered evidence is available for testing; that identity was an issue in the case; that there is greater than a 50% chance that he would not have been convicted if DNA testing provided exculpatory results; and that the request is not to delay the execution of the sentence." *Leal*, 303 S.W.3d at 296 (citing *Prible v. State*, 245 S.W.3d 466, 467–68 (Tex. Crim. App. 2008)); *see also* TEX. CODE CRIM. PROC. ANN. art. 64.03(a).

Here, we focus on the aspect of the statue that provides that a convicting court may order DNA testing if it finds that identity was or is an issue and the person would not have been convicted if exculpatory results had been obtained through DNA testing. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B) & (a)(2)(A). The latter requirement essentially entails a showing by the convicted person that exculpatory DNA test results would prove their innocence. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). Regardless of the defendant's plea and the

strength of the identification evidence adduced at trial, the defendant can make identity an issue in the case by showing that DNA tests would prove his innocence. *Esparza v. State*, 282 S.W.3d 913, 922 (Tex. Crim. App. 2009). Significantly, if DNA testing would not determine the identity of the person who committed the offense or would not exculpate the person convicted, then the statutory requirements are not met. *Prible*, 246 S.W.3d at 470.

The requisite showing that DNA test results would prove the convicted person's innocence has not been met if exculpatory test results would "merely muddy the waters." *Rivera*, 89 S.W.3d at 59, (citing *Kutzner v. State*, 75 S.W.3d 427, 439 (Tex. Crim. App. 2002)). For example, in *Blacklock v. State*, 235 S.W.3d 231, 232 (Tex. Crim. App. 2007), the court found that testing was required when the evidence showed that the victim's attacker was the donor of the material for which testing was required. To this end, the court stated, "the legislative history of Chapter 64 of the Texas Code of Criminal Procedure very clearly shows that this is precisely the situation in which the Legislature intended to provide post-conviction DNA testing. " *Id.*

Appellant made no such showing here. Despite appellant's claim that the DNA would demonstrate that a robber had been in the house prior to the shooting, there is no evidence to establish that the victim's killer was the source of any DNA that may have been deposited on the wallet and the purse. Indeed, anyone who handled the items could have deposited biological material on them. And the evidence does not affirmatively demonstrate that the alleged robbery occurred. The purse and wallet were found outside the bedroom window that was open with the shades still drawn. Although it was muddy outside, no footprints were found. Because the testing of the wallet and the purse would neither determine the identity of the person who killed the victim nor exculpate appellant, the court did not err in concluding that testing was not required. *See Prible*, 245 S.W.3d at 470; *Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002).

Appellant's issue is overruled. The trial court's order is affirmed.


/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130896F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WARREN DAVIS, Appellant

No. 05-13-00896-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F08-51421.
Opinion delivered by Justice FitzGerald.
Justices Lang and Fillmore participating.

Based on the Court's opinion of this date, the order of the trial court is **AFFIRMED**.

Judgment entered this 11th day of February, 2014.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE