**Tony Lee BLACKLOCK, Appellant**

v.

**The STATE of Texas.**

**Nos. PD–1639/1640–06.**

Court of Criminal Appeals of Texas.

Sept. 26, 2007.

John L. Denninger, Houston, for Appellant.

Kevin P. Keating, Assistant District Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

***OPINION***

HERVEY, J., delivered the opinion for a unanimous Court.

In this case, we decide that appellant is entitled to post-conviction DNA testing under Article 64 of the Texas Code of Criminal Procedure.

Appellant was convicted in 1995 of an aggravated robbery and an aggravated sexual assault, both of which occurred on November 13, 1992, during the same transaction. Appellant received two, stacked life sentences. The victim knew appellant and identified him at his 1995 trial as the one who robbed and sexually assaulted her. The State presented other evidence at appellant's 1995 trial that DNA testing of semen from the victim's vaginal smears was inconclusive on the issue of identity. The State did rely on this evidence at appellant's 1995 trial to show that a sexual assault occurred.

In 2005, appellant filed a motion for DNA testing of the (previously DNA-tested) semen from the victim's vaginal smears and of semen left by the victim's attacker on the victim's pants and panties during the 1992 attack.[1] This motion alleged that there "is no indication in the statement of facts that [the State] tested the semen on the pants or panties." This motion also appears to allege that DNA testing of this material, with DNA testing techniques improved since appellant's 1995 trial, will exclude appellant as the victim's attacker.[2]

The convicting court denied appellant's request for DNA testing based on findings that appellant failed to show that "identity was or is an issue in this case" and that he failed to show, by a preponderance of the evidence, that "he would not have been convicted if exculpatory results had been obtained through DNA testing."[3] In affirming the convicting court's ruling, the court of appeals decided that identity is not an issue because appellant failed to allege that identity is an issue and because the victim testified at appellant's 1995 trial "that she knew appellant and that he had robbed and sexually assaulted her." See Blacklock v. State, slip op. at 6–7, 2006 WL 2382766 (Tex.App.-Corpus Christi Nos. 13–05–474–CR & 13–05–475–CR, delivered August 17, 2006) (not designated for publication). The Court of Appeals also decided that appellant failed "to provide facts in support of his motion" to establish "by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing." See id. We granted appellant's petition for discretionary review to review these decisions by the court of appeals.

■ Appellant's 2005 motion for DNA testing has fairly alleged, and shown by a preponderance of the evidence, that the victim's lone attacker is the donor of the material for which appellant seeks DNA testing. Thus, on this record, exculpatory DNA test results, excluding appellant as the donor of this material, would establish appellant's innocence. The legislative history of Chapter 64 of the Texas Code of Criminal Procedure very clearly shows that this is precisely the situation in which

---

1. We understand the State's response to appellant's motion for DNA testing and the convicting court's findings to reflect that this material is available for DNA testing.

2. Appellant's motion alleges:
   Had the biological evidence been subjected to proper DNA testing capable of determining the identity of the donor of the semen, as defendant believes is possible today, and such results excluded the defendant as the donor, it is reasonably probable that the

defendant would not have been prosecuted or convicted.

3. See Article 64.03(a)(1)(B) & (a)(2)(A), Tex. Code Crim. Proc., (convicting court may order DNA testing if it finds, among other things, that "identity was or is an issue in the case" and "the convicted person establishes by a preponderance of the evidence that the person would not have been convicted if exculpatory results had been obtained through DNA testing").

the Legislature intended to provide post-conviction DNA testing. *See generally Kutzner v. State,* 75 S.W.3d 427 (Tex.Cr. App.2002).[4]

 That the victim testified that she knew appellant and identified him as her attacker is irrelevant to whether appellant's motion for DNA testing makes his identity an issue and whether it shows that exculpatory DNA tests would prove his innocence. The language and legislative history of Article 64.03(a)(1)(B) make it very clear that a defendant, who requests DNA testing, can make identity an issue by showing that exculpatory DNA tests would prove his innocence. This applies even when a defendant has pled guilty, thereby conceding the issue of identity at trial. *See* Article 64.03(b) (convicting court prohibited from finding that identity was not an issue in the case solely on the basis of guilty or nolo contendere plea); *but see Bell v. State,* 90 S.W.3d 301, 308 (Tex.Cr. App.2002) (suggesting that a prior confession renders identity a nonissue in a Chapter 64 proceeding).[5] This also applies even in cases like this where the victim knew the person she identified at trial as her attacker.

The judgment of the court of appeals is reversed, and the case is remanded to the convicting court for further proceedings consistent with this opinion.

---

4. This Court's decision in *Kutzner* did **not** decide that a defendant must prove his "actual innocence" as a condition to establishing his right to DNA testing. *See Kutzner,* 75 S.W.3d at 438–39. Instead, *Kutzner* decided that a defendant proves his right to DNA testing of evidence by showing that exculpatory DNA results would establish the defendant's innocence. *See id.*

5. The version of Article 64.03(b) applicable to appellant's case provides that a "convicted person who pleaded guilty or nolo contendere in the case may submit a motion under this chapter, and the convicting court is prohibited from finding that identity was not an issue in the case solely on the basis of that plea." *See* Acts 2003, 78th Leg., ch. 13, § 3. In 2007, the 80th Legislature amended Article 64.03(b), which now provides that a "convicted person who pleaded guilty or nolo contendere **or, whether before or after conviction, made a confession or similar admission** in the case may submit a motion under this chapter, and the convicting court is prohibited from finding that identity was not an issue in the case solely on the basis of that plea, **confession, or admission, as applicable.**" *See* Acts 2007, 80th Leg., HB 681, § 4 (emphasis noting change from prior law supplied).