

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## PD-0811-08

**GLENN RYDEL ARMSTRONG, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIFTH COURT OF APPEALS DALLAS COUNTY

*Per curiam.*

## O P I N I O N

Appellant was convicted in 1993 of aggravated assault and sentenced to 99 years. His conviction was affirmed on appeal. *Armstrong v. State*, No. 05-92-01851-CR slip op. (Tex. App.–Dallas Nov. 26, 1996). In 2006, appellant filed a post-conviction motion for DNA testing. The trial court denied the motion.

The court of appeals upheld the denial of the motion. *Armstrong v. State*, No. 05-07-00117-CR slip op. (Tex. App.–Dallas Dec. 11, 2007). The court held that although identity was an issue in the case, exculpatory DNA results excluding appellant would not have

resulted in a different outcome because there was sufficient other competent evidence connecting appellant to the crime. *Id.* at 8-9.

Appellant has filed a petition for discretionary review, contending in part that the court of appeals' holding that the lone attacker's identity is in issue, yet exculpatory DNA results would not establish innocence, is illogical and contradictory, and is at odds with this Court's opinion in *Blacklock v. State*, 235 S.W.3d 231 (Tex. Crim. App. 2007).

This Court recently handed down *Esparza v. State*, PD-1616-07 slip op. at 17 (Tex. Crim. App. May 13, 2009), in which we held that the court of appeals' decision to uphold the trial court's denial of the post-conviction DNA motion because "there [was] sufficient evidence, besides DNA evidence, to establish guilt . . . conflicts with our unanimous opinion in *Blacklock*." We further held that non-DNA evidence connecting the appellant to the crime, such as eye-witness identification, "is of no consequence in considering whether [the appellant] has established that, by a preponderance of the evidence, exculpatory DNA tests would prove his innocence." *Id.* at 18.

The court of appeals did not have the benefit of our opinion in *Esparza*. We summarily grant appellant's petition for discretionary review, vacate the judgment of the court of appeals, and remand this case to that court to reconsider in light of *Esparza*.

DELIVERED: JUNE 24, 2009
DO NOT PUBLISH