Death Opinion







 







IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






PD-0811-08





GLENN RYDEL ARMSTRONG, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


DALLAS COUNTY





 Per curiam.


O P I N I O N



 Appellant was convicted in 1993 of aggravated assault and sentenced to 99 years. His
conviction was affirmed on appeal. Armstrong v. State, No. 05-92-01851-CR slip op. (Tex.
App.-Dallas Nov. 26, 1996). In 2006, appellant filed a post-conviction motion for DNA
testing. The trial court denied the motion.

 The court of appeals upheld the denial of the motion. Armstrong v. State, No. 05-07-00117-CR slip op. (Tex. App.-Dallas Dec. 11, 2007). The court held that although identity
was an issue in the case, exculpatory DNA results excluding appellant would not have
resulted in a different outcome because there was sufficient other competent evidence
connecting appellant to the crime. Id. at 8-9. 

 Appellant has filed a petition for discretionary review, contending in part that the
court of appeals' holding that the lone attacker's identity is in issue, yet exculpatory DNA
results would not establish innocence, is illogical and contradictory, and is at odds with this
Court's opinion in Blacklock v. State, 235 S.W.3d 231 (Tex. Crim. App. 2007).

 This Court recently handed down Esparza v. State, PD-1616-07 slip op. at 17 (Tex.
Crim. App. May 13, 2009), in which we held that the court of appeals' decision to uphold the
trial court's denial of the post-conviction DNA motion because "there [was] sufficient
evidence, besides DNA evidence, to establish guilt . . . conflicts with our unanimous opinion
in Blacklock." We further held that non-DNA evidence connecting the appellant to the
crime, such as eye-witness identification, "is of no consequence in considering whether [the
appellant] has established that, by a preponderance of the evidence, exculpatory DNA tests
would prove his innocence." Id. at 18.

 The court of appeals did not have the benefit of our opinion in Esparza. We
summarily grant appellant's petition for discretionary review, vacate the judgment of the
court of appeals, and remand this case to that court to reconsider in light of Esparza.



DELIVERED: JUNE 24, 2009

DO NOT PUBLISH