

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00560-CR

DARRELL WYANE PHILLIPS A/K/A         APPELLANT
DARRELL WAYNE PHILLIPS

V.

THE STATE OF TEXAS         STATE

----------

## FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

In a single point, Appellant Darrell Wyane Phillips a/k/a Darrell Wayne Phillips appeals the denial of his post-conviction request for forensic DNA testing. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On March 30, 1995, a jury convicted Phillips of involuntary manslaughter and found that he had used a deadly weapon, to-wit: a firearm. Phillips pleaded true to the enhancement and habitual offender counts, and the jury assessed his punishment at sixty-seven years' imprisonment. The trial court sentenced him accordingly. Phillips appealed, and this court affirmed his conviction. *See Phillips v. State*, No. 02-95-00136-CR, slip op. at 6 (Tex. App.—Fort Worth Sept. 26, 1996, no pet.) (not designated for publication). In our opinion, we set forth the following facts:

> Paul Douglas was in [Phillips]'s car when [Phillips] gave witness Darrell Fields a ride. [Phillips] was arguing with Douglas over a money debt owed to [Phillips]. Fields testified that [Phillips] pointed a gun at Douglas and said, "[D]o you think I won't shoot you?" The gun discharged, killing Douglas. [Phillips] claimed it was an accident. His statement to the Fort Worth Police Department was, "I spun around and the next thing I knew the gun went off in my hand."

*Id.* at 1–2.

On August 7, 2007, Phillips filed a motion for appointment of counsel for DNA testing. An attorney was appointed to represent him, and Phillips filed his request for DNA testing on October 8, 2010. The State filed a response and proposed findings of fact and conclusions of law. On November 23, 2010, without a hearing, the trial court adopted the State's proposed findings and conclusions and denied Phillips's request for DNA testing. In addition to the facts set forth in our opinion and quoted above, the findings of fact state that Phillips's

defense at trial was that the shooting was an accident and that Phillips's common-law wife, Regina Sheperd, testified that Phillips had admitted to her that he shot Douglas during a struggle. The trial court further found that evidence existed that might contain biological material, including blood, hair, and clothing of the victim, and the bullet from the victim's body. Regarding identity, the trial court's findings and conclusions state:

16. Defendant has alleged that DNA Testing "could establish [his] innocence."

17. Defendant does not allege that he is innocent.

18. Defendant does not allege that identity is or was at issue in this case.

19. Defendant admitted in a statement to the Fort Worth Police Department that he shot the victim but claimed it was an accident.

20. Defendant admitted to his common-law wife that he shot the victim during a struggle.

21.  Accident is not an issue of identity.

22. Darrell Fields witnessed Defendant shoot the victim.

23. Defendant's admissions are corroborated by Darrell Fields'[s] eyewitness testimony.

24. The totality of the evidence demonstrates that identity was or is not at issue.

. . . .

5. Based on the totality of the evidence, including Defendant's admissions, Defendant has failed to demonstrate that identity was or is an issue in this case.

3

6.   This Court is not making a finding that identity was not at issue based *solely* on Defendant's plea, confession, and admissions.  [Internal citations omitted.]

## III.  DNA TESTING UNDER CHAPTER 64

The trial court may order DNA testing only if statutory preconditions are met.  *Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002); *see* Tex. Code Crim. Proc. Ann. art. 64.03 (West Supp. 2010).[2]  When, as here, the trial court denies a motion for post-conviction DNA testing without conducting a hearing, we review the ruling de novo.  *See Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005).

A trial court is required to order DNA testing only if the requirements of Texas Code of Criminal Procedure article 64.03 are met, including the requirements (1) that the trial court find that "identity was or is an issue in the case" and (2) that the convicted person established by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing.  Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B), (a)(2).  Article 64.03(b) further provides that

> [a] convicted person who pleaded guilty or nolo contendere or, whether before or after conviction, made a confession or similar admission in the case may submit a motion under this chapter, and

---

[2]The applicable version of the statute is the current one—which was in effect when Phillips filed his request for DNA testing in 2010—not the one in effect when Phillips filed his motion for appointment of counsel for DNA testing.  *See* Act of May 22, 2007, 80th Leg., ch. 1006, § 5 (providing that amendments apply to motions for forensic DNA testing filed on or after the September 1, 2007 effective date of the amendments).

the convicting court is prohibited from finding that identity was not an issue in the case solely on the basis of that plea, confession, or admission, as applicable.

*Id.* art. 64.03(b). A defendant who requests DNA testing can make identity an issue by showing that exculpatory DNA tests would prove his innocence. *See Blacklock v. State*, 235 S.W.3d 231, 233 (Tex. Crim. App. 2007).

## IV. NO ERROR IN DENIAL OF MOTION FOR DNA TESTING

Here, Phillips's defense at trial was that the shooting was an accident. In addition to Phillips's admissions to police and to his common law wife that he shot Douglas, Fields also testified that he witnessed Phillips shoot Douglas. The trial court properly considered Phillips's admissions, as well as other corroborating evidence, in finding that identity was not at issue in this case. *See* Tex. Code Crim. Proc. Ann. art. 64.03(b) (prohibiting a finding that identity was not an issue in the case *solely on the basis of* defendant's admission); *Hood v. State*, 158 S.W.3d 480, 482–83 (Tex. Crim. App.) (rejecting appellant's argument that the trial court erred by finding that DNA results would not be exculpatory because the evidence at trial conclusively established appellant's guilt), *cert. denied*, 545 U.S. 1146 (2005).

Phillips has alleged only that testing of biological material not previously tested "could establish [his] innocence." He has failed to show that exculpatory DNA tests would prove his innocence or that identity was at issue. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B); *Blacklock*, 235 S.W.3d at 233. Consequently, we overrule his sole point.

5

## V. CONCLUSION

Having overruled Phillips's sole point, we affirm the trial court's order denying DNA testing.

PER CURIAM

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 22, 2011