# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-14-00201-CR

**Christopher Sterling Sims, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
NO. 66168, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

We grant appellant Christopher Sterling Sims's motion for rehearing, reinstate this appeal, withdraw our previous opinion and judgment dated June 12, 2014, and substitute the following opinion and judgment in their place.[1]

Sims was convicted by a jury of burglary of a habitation with the intent to commit a felony, to wit: aggravated assault with a deadly weapon, *see* Tex. Penal Code §§ 22.02, 30.02(d),

---

[1] We previously dismissed Sims's appeal for want of jurisdiction because it appeared from the record before us that he had not timely filed his notice of appeal in the trial court or a motion for extension of time in this Court. *See* Tex. R. App. P. 26.3. In his motion for rehearing, Sims asserted that he did, in fact, attempt to timely file his motion for extension in this Court and attached documents supporting this allegation. The State filed a response stating that it does not oppose Sims's motion for rehearing and requesting that we consider the merits of this appeal.

and his conviction was subsequently affirmed by this Court on direct appeal.[2] *See Sims v. State*, No. 03-11-00554-CR, 2012 Tex. App. LEXIS 5912 (Tex. App.—Austin July 18, 2012, pet. ref'd) (mem. op., not designated for publication). Sims later filed a motion in the trial court seeking DNA testing of items that "were secured in relation to the offense of conviction and [were] in the possession of the State during trial." *See* Tex. Code Crim. Proc. art. 64.01. In his motion, Sims refers to several items that were recovered at the crime scene and that were identified as being used in the assault—namely, a steak knife, various knife pieces, and a hammer—but that, according to Sims, were not tested.[3]

After reviewing Sims's motion and the State's response, the trial court denied Sims's request for DNA testing. The court issued the following pertinent findings of fact and conclusions of law:

> 2.  At the defendant's trial, the victim, Sherell Robinson, identified the defendant in court as the man she [formerly] dated, who broke into her home on November 5, 2009, assaulted her with knives and a hammer, and then fled the scene in her vehicle.

---

[2] Because the facts of the underlying case are well known to the parties and set forth in this Court's opinion affirming Sims's conviction, we do not recite them in detail here. *See* Tex. R. App. P. 47.4. Briefly, Sims was accused of breaking into the home of his former girlfriend, Sherell Robinson, stabbing Robinson's then-boyfriend with a knife, striking Robinson in the face with a hammer, and then stabbing her sixteen times with a knife. When the police arrived, Robinson informed officers that Sims had attacked her and then stolen her car. Three hours later, Sims was stopped while driving Robinson's car by deputies with the Milam County Sheriff's Office.

[3] At trial, Lesley Johnson, a forensic scientist from the Texas Department of Public Safety (DPS), testified concerning the results of scientific analysis of several items collected from the crime scene and submitted to DPS. According to Johnson, the items collected consisted of (1) a steak knife, (2) a knife blade tip, (3) a broken knife handle, and (4) a hammer. The victim's blood and DNA profile were detected on the steak knife, and a partial DNA profile of an unknown male was present on the hammer.

3. The defendant, the only suspect in this case, was later apprehended driving the victim's vehicle.

4. There is no showing by the defendant that identity was or is an issue in this case.

5. There is no showing that further DNA testing of the cited evidence, even if it yielded exculpatory results, would establish beyond a preponderance of the evidence, that the defendant would not have been convicted for this crime.

6. The Court finds no reasonable grounds for this Motion to be filed.

Sims appeals the trial court's denial of his motion for post-conviction DNA testing. *See id*. arts. 64.01-.05.

## STANDARD OF REVIEW

Under Chapter 64 of the Texas Code of Criminal Procedure, "a convicted person may submit to the convicting court a motion for forensic DNA testing of evidence containing biological material." Tex. Code Crim. Proc. art. 64.01(a-1). The motion may request forensic DNA testing of evidence that was secured in relation to the offense that is the basis of the challenged conviction and was in the possession of the state during the trial of the offense, but that was not previously tested or, although tested, can be tested with newer techniques which can provide more accurate and probative results. *Id*. art. 64.01(b). A convicting court may order DNA testing only if (1) the evidence still exists in a condition making DNA testing possible and maintained subject to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; (2) identity was or is an issue in the case; and (3) the convicted person establishes by a preponderance of the evidence he would not have been convicted if exculpatory results had been obtained through DNA testing. *Id*. art. 64.03(a).

3

In reviewing a trial court's rulings under Chapter 64, we give almost total deference to the trial court's findings of historical fact and application-of-law-to-fact issues that turn on witness credibility and demeanor. *Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011). We consider de novo all other application-of-law-to-fact questions. *Id*.

## ANALYSIS

On appeal, Sims challenges the trial court's conclusions that he failed to prove that identity was an issue in this case and that he would not have been convicted if exculpatory tests had been obtained through DNA testing. Sims contends that he met his burden under Chapter 64 because the presence of a third-party's DNA on the recovered weapons "would prove his innocence." In response, the State argues that Sims has failed to demonstrate that identity is an issue or that exculpatory results would establish that he would not have been convicted because nothing in the record indicates that the assailant necessarily deposited any DNA on any of the items at issue. According to the State, "a negative DNA test would only service to 'muddy the waters' and that is not enough." *See Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002) ("That showing [under article 64.03(a)(2)(A)] has not been made if exculpatory test results would 'merely muddy the waters.'").

We first examine whether the trial court erred in concluding that Sims failed to demonstrate that identity was or is an issue. *See* Tex. Code Crim. Proc. art. 64.03(a)(1)(B). The undisputed evidence at trial suggested that Sims was the lone attacker. Sims was identified by the victim—who had formerly dated Sims—as her attacker and as the man who had taken her car immediately after the attack. Sims was also identified as the man stopped by police driving

the victim's car later that same day. Further, the jury heard evidence that the victim's blood was found on Sims's blue jeans. Thus, identity was not an issue in the underlying trial that resulted in Sims's conviction.

Nevertheless, we recognize that "[t]he identity requirement in Chapter 64 relates to the issue of identity as it pertains to the DNA evidence." *Prible v. State*, 245 S.W.3d 466, 470 (Tex. Crim. App. 2008). Therefore, regardless of the strength of the identification evidence adduced at trial, a defendant can make identity an issue in the case by showing that DNA tests would prove his innocence. *Esparza v. State*, 282 S.W.3d 913, 922 (Tex. Crim. App. 2009); *Blaylock v. State*, 235 S.W.3d 231, 233 (Tex. Crim. App. 2007). However, if DNA testing would not determine the identity of the person who committed the offense or would not exculpate the person convicted, then the requirements for DNA testing under Chapter 64 are not met. *In re Valchar*, No. 03-09-00127-CR, 2010 Tex. App. LEXIS 3226, *4-5 (Tex. App.—Austin Apr. 29, 2010, no pet.) (mem op., not designated for publication) (citing *Prible*, 245 S.W.3d at 470).

Here, nothing in the record suggests that if the items were tested and if it were determined that (1) Sims's biological material is *not* present on any of the items and (2) a third-party's biological material *is* present, that Sims's identity as the attacker would be ruled out. According to the undisputed evidence at trial, the steak knife and hammer used in the assault came from the victim's own kitchen. Consequently, we could not necessarily conclude from the presence of a third-party's DNA on the items that the third-party held the weapons in the course of the attack. Similarly, the absence of Sims's biological material from the items would not conclusively establish that he did not handle the weapons that were used to perpetrate the crime. In other words, Sims has

failed to explain, and nothing in the record establishes, how the attacker—and no one else—would have deposited DNA on the items. *See Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002) ("The presence of another person's DNA at the crime scene will not, without more, constitute affirmative evidence of appellant's innocence."). Sims has failed to establish that favorable DNA results would prove his innocence. *See Esparza*, 282 S.W.3d at 922.

Nevertheless, even assuming that Sims has sufficiently made identity an issue in this case, we still could not conclude that the trial court erred in denying Sims's motion for DNA testing. Under Article 64.03, a person is not entitled to DNA testing unless he first shows that there is "greater than a 50% chance that he would not have been convicted if DNA testing provided exculpatory results." *Ex parte Gutierrez*, 337 S.W.3d at 889; *see* Tex. Code Crim. Proc. art. 64.03(a)(2)(A). "Texas courts have consistently held that a movant does not satisfy his burden under Article 64.03 if the record contains other substantial evidence of guilt independent of that for which the movant seeks DNA testing." *Swearingen v. State*, 303 S.W.3d 728, 736 (Tex. Crim. App. 2010).

At trial, the victim identified Sims as her attacker. When officers arrived, a witness identified Sims as the man who had left in the victim's car—the same car that Sims was driving when he was apprehended later that day by law enforcement. In addition, as previously discussed, the victim's blood was found on Sims's blue jeans and on a steak knife recovered from the scene and identified as one of the weapons. Based on this evidence, and the lack of any factual basis to directly connect any third-party DNA that might be found on the items to the attacker, we cannot conclude that Sims would not have been convicted if exculpatory results had been obtained through DNA testing. *See* Tex. Code Crim. Proc. art. 64.03(a)(2)(A). Sims has failed to show by a preponderance

6

of the evidence that exculpatory results would have changed the outcome of his trial.  As a result, we overrule Sims's sole issue on appeal.

Having overruled Sims's sole issue on appeal, we affirm the trial court's order.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed on Motion for Rehearing

Filed:   December 17, 2014

Do Not Publish