ACCEPTED
12-14-00319-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
2/2/2015 1:00:03 PM
CATHY LUSK
CLERK

# JOHN D. REEVES
# ATTORNEY AT LAW

1007 Grant Ave•Lufkin, Texas 75901
(936) 632-1609 telephone • (936) 632-1640 facsimile
Email:  tessabellus@yahoo.com

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
2/2/2015 1:00:03 PM
CATHY S. LUSK
Clerk

February 2, 2015

12 th Court of Appeals
Attn: Cathy S. Lusk, Clerk
1517 West Front Street, Suite 354
Tyler, Texas  75702


Re:     Case Number                      12-14-00319-CR
        Trial Court Case Number          CR 22090-AA

Style:  Demetric Lewis Alfred
                v.
         The State of Texas

RE:     Appellant's Brief –Post Conviction DNA Testing

Dear Madam,

        Following please find for filing Appellant's Brief.

        Thank you for your courtesies.

Sincerely,

*/S/ John D. Reeves*

John D. Reeves
E file cc. April Ayers-Perez, Asst. DA, Angelina County, P.O. Box 908, Lufkin,
Texas 75901

_____

**12-14-00319-CR**
_____

**IN THE COURT OF APPEALS**
**FOR THE TWELFTH JUDICIAL DISTRICT**
**TYLER, TEXAS**
_____

**Demetric Lewis Alfred**
**V.**
**The State of Texas**
_____

**APPEAL FROM THE 159ᵗʰ DISTRICT COURT**
**OF ANGELINA COUNTY, TEXAS**
**Cause No. CR-22090-AA**
_____

**BRIEF OF APPELLANT**
**DEMETRIC LEWIS ALFRED**
_____

Respectfully, Submitted:
*/S/ John D. Reeves*
JOHN D. REEVES
Attorney at Law
1007 Grant Ave.
 Lufkin, Texas 75901
Phone: (936) 632-1609
Fax: (936) 632-1640
Email:  tessabellus@yahoo.com
**ATTORNEY FOR APPELLANT**

**ORAL ARGUMENT NOT REQUESTED**

**Parties:**

Appellant in Trial Court:

Demetric Lewis Alfred

TDCJ# 01065183

Stiles Unit

3060 FM 3514

Beaumont, Texas 77705

Appellee in Trial Court:

The State of Texas

**Trial and Appellate Counsel**:

**Appellant**:

JOHN D. REEVES                                    **Trial**  Stephen C. Taylor

Attorney at Law                                               Attorney at Law

1007 Grant Ave                                               P.O. Box 293

Lufkin, Texas 75901                                        Conroe, Texas 77305

Phone: (936) 632-1609                                    Phone: 800 223-8308

Fax: (936) 632-1640                                        SBOT: 19723380

SBOT # 16723000

**Appellee**:

April Ayers-Perez                                       **Trial**  Art Bauereiss

Asst.  Angelina County  District Atty.                Angelina County District Atty.

P.O. Box 908                                                 P.O. Box 908

Lufkin, Texas 75901                                       Lufkin, Texas 75901

Phone:  936-632-5090                                    Phone: 936/ 632-5090

SBOT# 24090975                                          SBOT# 01921800

TABLE OF CONTENTS

Page:

IDENTITY OF PARTIES AND COUNSEL………………………………………….ii

TABLE OF CONTENTS……………………………………………….….......  iii

INDEX OF AUTHORITIES…………………………………………..………iv

STATEMENT OF THE CASE……………………………………………….....  1

STATEMENT OF JURISDICTION………………………………………..…3

ISSUE PRESENTED......................................................................................3

STATEMENT OF FACTS …………………………………………………3

SUMMARY OF THE ARGUMENT …..…………………………….............4

ARGUMENT…………………………………………………………..5

CONCLUSION AND PRAYER……………………………………….. 10

CERTIFICATE OF COMPLIANCE………………………………………… 11

CERTIFICATE OF SERVICE…………………………………………..11

# INDEX OF AUTHORITIES

Page:

**Texas Cases**

Blacklock v. State, 235 S.W. 3d 231 (Tex. Crim. App. 2007) ………………….9

Routier v. State, 273 S.W 3d 241 (Tex. Crim. App. 2008) …………………..….8

Smith v. State 165 S.W.3d 361, 364 (Tex. Crim. App. 2005) …………………10


**RULES AND OTHER AUTHORITIES**

Tex. Code. Crim. Pro. Ann. Chpt. 64 (2012) ……………………..…5,6,7,8,10

_____

**12-14-00319-CR**

_____


**IN THE COURT OF APPEALS**

**FOR THE TWELFTH JUDICIAL DISTRICT**

**TYLER, TEXAS**

_____


Demetric Lewis Alfred

v.

The State of Texas

APPEAL FROM THE 159th DISTRICT COURT

OF ANGELINA COUNTY, TEXAS

Cause No. CR-22090-AA

**BRIEF OF APPELLANT**

**DEMETRIC LEWIS ALFRED**


TO THE HONORABLE COURT OF APPEALS;

**STATEMENT OF THE CASE**

Appellant originally pled guilty to the offense of Capital Murder on October 15, 2001. Appellant was sentenced to life in the Texas Department of Criminal Justice- Institution Division. (Supp. CR Vol. 1, p. 6, 14-15) On March 27, 2013 the

appellant requested the appointment of Counsel to assist in obtaining an Order for Post-Conviction DNA testing pursuant to Tex. Code. Crim. App. Ann., art. 64 (Vernon Supp. 2012) (Supp. CR p. 12) After a review of Appellants "Memorandum Regarding Applicant's Request for Post-Conviction DNA Testing" filed on September 9th, 2014 the trial court on September 12, 2014, denied granting appellant's request. (Supp. CR. Vol. 1, p. 21-33) Appellant filed a pro se notice of appeal on October 23, 2014 and claimed indigency. (Supp. CR Vol. 1, p. 34-42) Subsequently, this court entered an Order on December 14, 2011, ordering the trial court to conduct a hearing and to determine whether: (1) Appellant is indigent and entitled to the appointment of counsel on appeal ; (2) Appellant has sufficient funds to retain counsel; or (3) Appellant desires to represent himself on appeal. (Supp. CR p.13-14) The trial court conducted a hearing on December 12th, 2014 and determined the appellant wished to pursue an appeal, was indigent, and wished to have appointed counsel on appeal. (RR Vol. 1 p. 1-4) On December 12th, 2014 the trial court made "Findings of Fact Regarding Docketing Statement" and appointed John D. Reeves to represent appellant. (Supp. CR p. 15-17) A Docketing Statement was filed by the appellant Pro Se and received by this court on December 8th, 2014.

2.

## STATEMENT OF JURISDICTION

Pursuant to this Court's order and the trial court findings this court has jurisdiction. Trial Court certification was performed by a hearing, finding of facts and an order signed by the trial court on December 12th, 2014 which gave the appellant the right to appeal the trial court's denial of his request for Post-Conviction DNA testing. (Supp. CR Vol. 1, p. 15-17)

## ISSUE PRESENTED

1. **The trial court erred in denying appellants motion for post-conviction DNA testing.**

## STATEMENT OF FACTS

Appellant originally pled guilty to the offense of Capital Murder on October 15, 2001. Appellant was sentenced to life in the Texas Department of Criminal Justice- Institution Division. (Supp. CR Vol. 1, p. 6, 14-15) On March 27, 2013 the appellant requested the appointment of Counsel to assist in obtaining an Order for Post-Conviction DNA testing pursuant to Tex. Code. Crim. App. Ann., art. 64 (Vernon Supp. 2012) (Supp. CR p. 12) After a review of Appellants "Memorandum Regarding Applicant's Request for Post-Conviction DNA Testing" filed on September 9th, 2014 the trial court on September 12, 2014, denied granting

3.

appellant's request. (Supp. CR. Vol. 1, p. 21-33) Trial counsel's memorandum is incorporates the history of the items of evidence seized by law enforcement which were available at trial. (Supp. CR. Vol. 1. p. 24-27) This listing includes a hammer and a jacket. (Supp. CR. Vol. 1 p. 24) In addition, the memorandum lists the items which were submitted to the Southwestern Institute of Forensic Sciences and the results. (Supp. CR. Vol. 1, p. 26,-30) This includes the hammer and the jacket. The testing results show item 10 which is the hammer found a "presumptive test for blood as positive. The blood detected upon item 14, the jacket, was not conclusive for being human blood. (Supp. CR Vol. 1 p. 30) Trial counsels memorandum to the trial court concluded that appellant did not have a right to post conviction DNA testing because appellant cannot show "by a preponderance of the evidence that he would not have been convicted had any exculpatory results generated by the proposed testing been available at the time of his trial. " (Supp. CR Vol. 1 p. 31) The trial court agreed with the finding suggested in trial counsels memorandum and denied post conviction DNA testing. (Supp. CR Vol. 1 p. 33)

## SUMMARY OF THE ARGUMENT

Appellant argues that the trial erred in denying his motion for post conviction DNA testing pursuant to Tex. Code. Crim. Pro. Ann. Art. 64. He specifically requests testing for a jacket and a hammer. He argues these two items

4.

by a preponderance of the evidence could show exculpatory results exonerating him. The victim died as a result of blows to the head having occurred due to an object that "was perfectly round half- circle." The description of the fracture to the victim's skull is consistent with the use of a hammer. (Supp. CR Vol. 1 p. 23) The item is in existence, was tested and had a presumptive test for blood. (Supp. CR Vol. 1 p. 23-30) Secondly, the jacket is preserved was tested and was inconclusive for the presence of human blood. (Supp. CR. Vol. 1, p. 30)  Each of these items could exculpate the appellant.

## **ARGUMENT**

Appellant argues that the evidence he requests to be tested is a jacket and hammer identified as submission items 10 (hammer) and 14 ( jacket) which was denied by the trial court.

Tex. Code. Crim. Pro. Ann. (2012) CHPT. 64

Art. 64.01. MOTION.  (a)  In this section, "biological material":
(1)  means an item that is in possession of the state and that contains blood, semen, hair, saliva, skin tissue or cells, fingernail scrapings, bone, bodily fluids, or other identifiable biological evidence that may be suitable for forensic DNA testing;
(a-1)  A convicted person may submit to the convicting court a motion for forensic DNA testing of evidence containing biological material.  The motion must be accompanied by an affidavit, sworn to by the convicted person, containing statements of fact in support of the motion.

(b)    The motion may request forensic DNA testing only of evidence described by Subsection (a-1) that was secured in relation to the offense that is the basis of the challenged conviction and was in the possession of the state during the trial of the offense, but:

(2)  although previously subjected to DNA testing, can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test.

Art. 64.03.  REQUIREMENTS; TESTING.   (a)  A convicting court may order forensic DNA testing under this chapter only if:
(1) the court finds that:
(A) the evidence:
(i) still exists and is in a condition making DNA testing possible;  and
(ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect;  and
(B) identity was or is an issue in the case;  and
(2) the convicted person establishes by a preponderance of the evidence that:
(A) the person would not have been convicted if exculpatory results had been obtained through DNA testing;  and
(B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.
(b)  A convicted person who pleaded guilty or nolo contendere or, whether before or after conviction, made a confession or similar admission in the case may submit a motion under this chapter, and the convicting court is prohibited from finding that identity was not an issue in the case solely on the basis of that plea, confession, or admission, as applicable.
(c)  If the convicting court finds in the affirmative the issues listed in Subsection (a)(1) and the convicted person meets the requirements of Subsection (a)(2), the court shall order that the requested forensic DNA testing be conducted.

Appellant is complaining of two items which are a jacket and a hammer. A search of Appellants residence yielded a pair of "tennis shoes" and a "jacket with

6.

dried blood spots." The stains on the tennis shoes and jacket tested positive for blood. A search of the vacant lot behind Appellant's residence yielded a "silver in color hammer with black rubber grip." (Supp. CR Vol. 1, p. 24)

The jacket was submission item14 and the hammer submission item10 which were presented to the Southwestern Institute of Forensic Sciences Laboratory. (Supp. Vol. 1, CR p. 26) As of September 8th, 2014 the two items are still in the custody of the Lufkin Police Department as submission items 10 and 14. The two items that the appellant desires testing are as shown evidence which was secured in relation the offense. The indictment alleges that appellant "caused the death of Theory Green, by striking Theory Green in the head with an object unknown to the Grand Jury, while in the course of committing or attempting to commit Robbery. (Supp. CR Vol. 1, p. 23) The autopsy of Theory Green indicated that Green received at least fourteen (14) blows to the head; that the blows were on the left side of the head; and, that there was a fracture at the base of the skull that was "perfectly round half-circle fracture." (Supp. CR Vol. 1 p. 23) Appellant asserts he has met the statute (Tex. Code. Crim. Proc. Ann., art. 64.01 (b) wherein the two items were secured in relation to the offense and are the basis of the challenged conviction and were in possession of the State during the trial of the offense, although the items were sent for testing appellant asks that the two items

7.

be subjected to testing with newer testing techniques and believes that he will receive more accurate and probative results than the previous testing. A presumptive test for blood was positive on submission items 10 and 14. However, it could not be determined whether the blood on Evidence Submission Item 14 was of human origin. (Supp. CR Vol. 1, p. 23) Appellant argues that a determination of item ten (the hammer) would be conclusive and not probative as to whether the hammer was used in causing the death of Mr. Green. Additionally, appellant asserts the submission of the jacket which was last tested over 10 years ago would conclusively show whether the victim's blood was placed on the jacket as a result of his head being struck repeatedly by what corresponds to the hammer and the autopsy report. The appellant alternatively as least requests that the jacket be retested to determine the origin of the blood which was inconclusive. In the instance of the jacket appellant argues he has met Tex. Code. Crim. Ann. 64.03 (1) the prior testing shows there was the "existence of biological material" in regard to the jacket and the hammer. (_Routier v. State_, 273 S.W 3d 241 (Tex. Crim. App. 2008) Appellants argument is that the blood results on the hammer did not show a match to his blood nor the jacket. He believes the identification of the DNA could lead to a different suspect or provide exculpatory results had the two items been further tested for matching pursuant to Art. 64.035.

8.

UNIDENTIFIED DNA PROFILES. If an analyzed sample meets the applicable requirements of state or federal submission policies, on completion of the testing under Article 64.03, the convicting court shall order any unidentified DNA profile to be compared with the DNA profiles in:

(1) the DNA database established by the Federal Bureau of Investigation; and

(2) the DNA database maintained by the Department of Public Safety under Subchapter G, Chapter 411, Government Code.

As such appellant argues he has met the statutory requirements pursuant to *Blacklock v. State*, 235 S.W. 3d 231, 232 (Tex. Crim. App. 2007)

Trial counsel states in his memorandum "the mere assertion or a general claim that the existence of biological material is probable fails to satisfy Applicant's burden. The Court of Criminal Appeals has explicitly {said} that Applicant must prove biological material exists and that it is not merely probable. "(Supp. CR Vol. 1 p. 30) However, counsel also states a presumptive test for blood was positive on Evidence items (10) hammer, and (14) jacket. The appellant argues that if testing is ordered pursuant to article 63.03 the results could exclude him of using the hammer to bash the victims head and show someone else's presence in regard to the jacket. *Blacklock v. State*, supra. Additionally, appellant argues, that pursuant to 64.03 (b) A convicted person who pleaded guilty or nolo contendere or, whether before or after conviction, made a confession or similar

9.

admission in the case may submit a motion under this chapter, and the convicting court is prohibited from finding that identity was not an issue in the case solely on the basis of that plea, confession, or admission, as applicable.

Lastly, appellant argues this matter should be as the court held in *Smith v. State* 165 S.W.3d 361, 364-65 (Tex. Crim. App. 2005). In *Smith*, the court held Smith was entitled to DNA testing because he showed that a reasonable probability exists--at least a 51% chance--that such testing would establish his innocence if the results proved to be favorable. On discretionary review, the court determined that the court of appeals erred, reversed its decision, and remanded the case to the trial court to order DNA testing. *Smith*, supra, at 364. Appellant argues if his DNA is not on the hammer or the jacket then the results would be exculpatory just as in Smith where if the seminal fluid was tested and not found to be Smith's it would be exculpatory.

**<u>PRAYER</u>**

Appellant, Demetric Lewis Alfred asks that the trial court's denial of his motion for post-conviction testing be overruled and the ruling be reversed and the trial court ordered to have the hammer and jacket tested pursuant to Tex. Code Crim. Proc. Ann. Art. 64.035. Further, appellant requests this Honorable Court to

10.

grant such other and further relief to which Appellant is justly and equitably entitled.

Respectfully considered,

/S/ John D. Reeves
JOHN D. REEVES
Attorney at law
1007 Grant
Lufkin, Texas 75901
Phone: (936) 632-1609
Fax: (936) 632-1640
SBOT # 16723000
Email:  tessabellus@yahoo.com
ATTORNEY FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

I, John D. Reeves Counsel for appellant hereby certify that this brief exclusive of the rule provisions that do not provide counting contains      words.

/S/ John D. Reeves
JOHN D. REEVES

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Appellant's Brief on this   2nd,   day of February, 2015 has been forwarded to the State's Counsel, April Ayers-Perez, Assistant District Attorney of Angelina County, by E filing service at aperez@angelinacounty.net.

/S/ John D. Reeves
JOHN D. REEVES
11.