## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH
### NO. 02-16-00049-CR


DARRELL WAYNE PHILLIPS                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

### FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 0557784D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Darrell Wayne Phillips appeals the trial court's denial of his third

motion for postconviction forensic DNA testing.  We affirm.

### Background

Appellant was convicted of involuntary manslaughter on March 30, 1995.

This court affirmed his conviction on direct appeal.  *Phillips v. State*, No. 02-95-

---

[1]*See* Tex. R. App. P. 47.4.

00136-CR, Slip. Op. 1–2 (Tex. App.—Fort Worth Sept. 26, 1996, no pet.) (not designated for publication). In that opinion, this court noted:

> Paul Douglas was in appellant's car when appellant gave witness Darrell Fields a ride. Appellant was arguing with Douglas over a money debt owed to appellant. Fields testified that appellant pointed a gun at Douglas and said, "[D]o you think I won't shoot you?" The gun discharged, killing Douglas. Appellant claimed it was an accident. His statement to the Fort Worth Police Department was, "I spun around and the next thing I knew the gun went off in my hand."

*Id.*

Appellant's first motion for postconviction DNA testing was denied by the trial court in November 2010 because identity was not an issue. *Phillips v. State*, No. 02-10-00560-CR, 2011 WL 4415494, at *1 (Tex. App.—Fort Worth Sept. 22, 2011, pet. ref'd) (mem. op., not designated for publication). This court affirmed the trial court's ruling. *Id.* at *3.

The trial court denied Appellant's second motion for postconviction DNA testing in June 2014. *Phillips v. State*, No. 02-14-00489-CR, 2015 WL 294192, at *1 (Tex. App.—Fort Worth Jan. 22, 2015, pet. ref'd) (mem. op., not designated for publication). Appellant's appeal was dismissed for want of jurisdiction because the notice of appeal was not timely filed. *Id.*

On October 5, 2015, Appellant filed a third motion for forensic DNA testing, the subject of this appeal. In his motion, Appellant alleged that in response to his previous request for DNA testing, "the State's Attorney, Andrea Jacobs[']s entr[ies] were, 'Falsified, Fabricated and Altered facts and evidence used to gain a favorable decision, even at the cost of affecting the integrity of the judicial

2

proceeding." He further accused the prosecutor of violating sections 37.03, 37.09, and 37.10 of the penal code. Tex. Penal Code Ann. § 37.03 (West 2011), §§ 37.09, 37.10 (West Supp. 2016). Appellant additionally filed a separate "request for evidentiary hearing."

The trial court denied Appellant's third motion for DNA testing on December 9, 2015, noting that "identity is not and was not an issue." The trial court also adopted the State's proposed findings of fact and conclusions of law, which included in relevant part:

11. The Second Court of Appeals summarized the relevant facts of this case as follows:

> Paul Douglas was in [Defendant's] car when [Defendant] gave witness Darrell Fields a ride. [Defendant] was arguing with Douglas over a money debt owed to [Defendant]. Fields testified that [Defendant] pointed a gun at Douglas and said, "[D]o you think I won't shoot you?" The gun discharged, killing Douglas. [Defendant] claimed it was an accident. His statement to the Fort Worth Police Department was, "I spun around and the next thing I knew the gun went off in my hand."

> *Phillips v. State*, No. 02-95-00136-CR, Slip. Op. 1–2 (Tex. App.—Fort Worth Sept. [26], 1996, no pet.) (not designated for publication).

12. Regina Sheperd, Defendant's common-law wife, testified that Defendant admitted to her that he shot Paul Douglas during a struggle.

13. Defendant's defense during trial was that the shooting was an accident.

3

14. Defendant admitted that 'the gun went off in [his] hand" and the "victim was laying down on the ground."

15. On April 24, 2002, Defendant endorsed Darrell Fields'[s] statement and testimony that the offense was an accident.

16. On April 24, 2002, Defendant admitted as follows:

> *The crime I have committed was honestly and truly an unintentional accident.* I have also expressed my shame and co[n]dolences to the vict[i]m[']s mother, in a conference arranged by the Victim's Services. I am not a dangerous or threatening individual, *nor am I claiming total innocence for my crime.* Only that a fair sentence should be given consideration.

17. Defendant admitted to shooting the victim, Paul Douglas.

. . . .

*Evidence Exists*

22. Evidence exists that might contain biological material in a condition making DNA testing possible.

23. The evidence available includes blood, hair, and clothing of the victim and evidence from trial.

*Identity*

24. Defendant admitted in a statement to the Fort Worth Police Department that he shot the victim but claimed it was an accident.

25. Defendant admitted to his common-law wife that he shot the victim during a struggle.

26. Defendant admitted in 2002 that the offense was an accident.

27. Accident is not an issue of identity.

28. Darrell Fields witnessed Defendant shoot the victim.

29. Defendant's admissions are corroborated by Darrell Fields'[s] eyewitness testimony.

4

30. The totality of the evidence demonstrates that identity was not or is not at issue.

(some citations omitted).

On January 11, 2016, Appellant filed "Movant's Objection/Rebuttal and Request for Reconsideration," in which Appellant objected to the State's proposed findings of fact and conclusions of law, reurged his assertions that the prosecutor had forged or falsified documents, and requested that the trial court reconsider its ruling because identity was an issue at trial. The trial court did not rule on this motion.

## Discussion

Appellant brings four issues on appeal, all of which are premised on his argument that the State has misrepresented, fabricated, or forged facts in this case that were relied upon by the trial court in denying his motion for DNA testing.[2] Because his issues are interrelated, we will address them together.

---

[2]Appellant's issues were presented as follows:

[Issue 1:] Trial court never resolved or Trial court never resolved or considered Phillips pro se objection rebuttal that brought attention to disagreements of State's brief presentations of documented facts/records in this case (0557784D).

[Issue 2:] Trial court abused its discretion by improperly refusing to act consider or correct those issues brought under Texas Codes § 37.09 37.10 in Phillips evidentiary request, objection/rebuttal.

[Issue 3:] Trial court improperly denied Phillips subsequent post-conviction forensic DNA request of evidence in State's possession . . . within requirements of Chapter 64, that has never been subjected to DNA testing.

5

When, as here, the trial court denies a motion for postconviction DNA testing without conducting a hearing, we review the ruling de novo. *See Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005).

A trial court may order forensic DNA testing only if statutory preconditions are met. *Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002); *see* Tex. Code Crim. Proc. Ann. art. 64.03 (West Supp. 2016). Article 64.03 requires (1) that the trial court find "identity was or is an issue in the case" and (2) that the convicted person establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(C), (a)(2)(A). When a convicted person has "made a confession or similar admission in the case," the convicting court is "prohibited from finding that identity was not an issue in the case solely on the basis of that . . . confession, or admission, as applicable." *Id.* art. 64.03(b). A defendant who requests DNA testing can make identity an issue by showing that exculpatory DNA tests would prove his innocence. *See Blacklock v. State*, 235 S.W.3d 231, 233 (Tex. Crim. App. 2007).

Indeed, we have already held that identity was not an issue in this case. *Phillips*, 2011 WL 4415494, at *2. Appellant's defense at trial was to claim that the shooting was an accident. *Id.* And, as we noted, "[i]n addition to [Appellant]'s

[Issue 4:] Order for evidentiary hearing to correct any and all unsupported records/facts existing in this case, and location and production of any missing, concealed or excluded exculpatory material evidence favorable to opposing party(s).

6

admissions to police and to his common law wife that he shot Douglas, Fields also testified that he witnessed [Appellant] shoot Douglas." *Id.* We further held that the trial court properly considered Appellant's admissions, in addition to other corroborating evidence, in finding that identity was not an issue in this case. *Id.* Under the law of the case doctrine, we are bound by that determination. *State v. Swearingen*, 424 S.W.3d 32, 36 (Tex. Crim. App. 2014) ("[W]hen the facts and legal issues are virtually identical, they should be controlled by an appellate court's previous resolution."), *cert. denied*, 2016 WL 2839840 (Oct. 3, 2016).

Appellant attempts to refute our previous holding by alleging that the State has fabricated or tampered with evidence. Appellant has no evidence or reasonable explanation for these bare assertions, and his assertions that Fields' and Sheperd's statements were not in the trial court record are simply incorrect. Fields' statements were relied upon by this court when it upheld the conviction. *Phillips*, No. 02-95-00136-CR, Slip. Op. 1–2. Appellant also alleges that his 1994 written statement to the police was forged, falsified, or fabricated. That written statement was also part of the trial record. *Id.*

Appellant has forfeited these complaints by not raising them in his original appeal[3] or in his appeal of the denial of his first motion for DNA testing. *Id.*;

---

[3]The sole issue in the appeal of his conviction was whether the trial court had allowed the State to make an improper jury argument. *Phillips*, No. 02-95-00136-CR, Slip. Op. 1–2.

*Phillips*, 2011 WL 4415494 at *1–2. By waiting more than 20 years to make these allegations regarding the trial record, Appellant has failed to preserve his allegations that the State has fabricated witness testimony and his confession to police. *See* Tex. R. App. P. 33.1(a)(1); *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015), *cert. denied*, 136 S. Ct. 1461 (2016).

Appellant further alleges that the State fabricated a letter that was included in the State's response to his first and third[4] motions for DNA testing and that was purportedly sent by Appellant to the Tarrant County District Attorney's office in April 2002. In the letter, Appellant confessed his guilt in an attempt to have his sentence shortened. Again, Appellant did not raise this issue in the appeal of the denial of his first motion for DNA testing and has arguably forfeited such complaint. But even if we were to disregard the 2002 letter, there is sufficient evidence in the record that identity was not at issue during the trial, and the letter was not relied upon by this Court in our affirmation of the trial court's previous denial of Appellant's request. *Phillips*, 2011 WL 4415494 at *1–2.

Because identity was and is not an issue, and because he has forfeited his complaints that the State fabricated evidence used in the original trial, we overrule Appellant's first three issues.

Finally, contrary to Appellant's assertions, the trial court was not required to hold a hearing to address Appellant's motion or his complaints regarding the

---

[4]It is unclear whether the letter was attached to the State's response to his second motion.

State's evidence. *See Rivera v. State*, 89 S.W.3d 55, 58–59 (Tex. Crim. App. 2002) ("Nothing in Article 64.03 requires a hearing of any sort concerning the trial court's determination of whether a defendant is entitled to DNA testing."). We therefore overrule his fourth issue.

## Conclusion

Having overruled all of Appellant's issues, we affirm the trial court's order.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL: MEIER, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 3, 2016