**Affirmed and Memorandum Opinion filed August 9, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00722-CR

## DAMON KENDRICK DOVE, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 12-DCR-061181A**

## M E M O R A N D U M   O P I N I O N

*Pro se* appellant Damon Kendrick Dove appeals the trial court's order denying his post-conviction motion for DNA testing.  We affirm.

### I.     Factual and Procedural Background

The factual background in this case was set forth by this Court on direct appeal as follows:

. . . appellant learned that law enforcement officers considered him a suspect in the sexual assault. Appellant phoned Detective Jarret Nethery, the investigating officer, and expressed a desire to tell his account of the night. Nethery and Detective Marshia Cox conducted and recorded a noncustodial interview with appellant. A redacted version of the videotaped interview was played for the jury.

At the beginning of the interview the detectives explained to appellant that he was not under arrest and was free to leave. According to appellant, he and the complainant met at the pool earlier in the day and he gave the complainant and her brother a ride home. Appellant asked the complainant if she wanted to go out that night, and she agreed to go to a bar to watch a basketball game. Appellant and the complainant left the bar at approximately 9:30 p.m., drove to a subdivision near where both he and the complainant lived, and parked on the side of the road. Appellant admitted that he penetrated the complainant's vagina with his penis. They moved to the back seat of the car and continued until she urinated on herself. The complainant decided to leave; appellant offered to drive her home, but the complainant chose to walk home. Appellant stated they were parked for approximately 45 minutes, but the complainant never told him she did not consent to intercourse.

*Dove v. State*, No. 14-13-00686-CR, 2014 WL 6602421, at *2 (Tex. App.—Houston [14th Dist.] Nov. 20, 2014, pet. ref'd). In July 2013, a jury found appellant guilty of sexual assault and assessed punishment at thirty-five years' imprisonment. This Court affirmed appellant's conviction on direct appeal. *Id.*, at *6. The Texas Court of Criminal Appeals refused discretionary review.

In April 2015, appellant petitioned this Court for mandamus relief to compel the trial judge to grant discovery and inspection of the State's file and evidence. We denied his request. *In re Damon Kendrick Dove*, No. 14-15-00347-CR, 2015 WL 1928773, at *1 (Tex. App.—Houston [14th Dist.] Apr. 28, 2015, no pet.). Appellant also filed an application for writ of habeas corpus, which was denied by the trial

2

court. Moreover, in April 2016, the trial court denied appellant's motion for post-conviction DNA testing.

On or around August 1, 2017, appellant filed a second motion for forensic DNA testing, presumably of a sexual assault evidence collection kit and the complainant's dress. The State opposed appellant's motion. In a reply brief, appellant asserted in support of his motion that "the results in the previous DNA test will prove whether sex was consensual or not; the proof is in the results of the (SAEE Kit), which the State refuses to display." In September 2017, the trial court denied appellant's motion. Appellant timely filed this appeal.

## II. Analysis

In one issue, appellant argues that the trial court erred in denying his request for post-conviction DNA testing.

### A. Standard of Review and Applicable Law

Chapter 64 of the Code of Criminal Procedure governs a convicted person's request for post-conviction forensic DNA testing and contains multiple threshold requirements that must be met before an applicant is entitled to such testing. *See*, *e.g.*, Tex. Code Crim. Proc. arts. 64.01–64.05. The convicted person bears the burden of satisfying all article 64.01 and 64.03 requirements. *Wilson v. State*, 185 S.W.3d 481, 484 (Tex. Crim. App. 2006).

Generally, we review a trial court's decision on a motion related to DNA testing under a bifurcated standard of review. *Whitaker v. State*, 160 S.W.3d 5, 8 (Tex. Crim. App. 2004). We afford almost total deference to the trial court's determination of issues of historical fact and issues of application of law to fact that turn on credibility and demeanor of witnesses. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). We review *de novo* other issues of application-of-law-to-

fact questions that do not turn on the credibility and demeanor of witnesses. *Id.* Here, because the trial court did not conduct a live hearing, we review the trial court's denial of DNA testing *de novo*. *See Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005).

## B. Motion for post-conviction DNA testing.

The purpose of post-conviction DNA testing is to provide a means through which a convicted person may establish his innocence by excluding himself as the perpetrator of the offense of which he was convicted. *See Blacklock v. State*, 235 S.W.3d 231, 232–33 (Tex. Crim. App. 2007); *Birdwell v. State*, 276 S.W.3d 642, 645–46 (Tex. App.—Waco 2008, pet. ref'd). A convicting court may order forensic DNA testing only if the statutory preconditions of Chapter 64 are met. *See Holberg v. State*, 425 S.W.3d 282, 284 (Tex. Crim. App. 2014); *Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002). The statute requires that:

(a) A convicting court may order forensic DNA testing under this chapter only if:

(1) the court finds that:

(A) the evidence:

(i) still exists and is in a condition making DNA testing possible; and

(ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect;

(B) there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing; and

(C) identity was or is an issue in the case; and

(2) the convicted person establishes by a preponderance of the evidence that:

(A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and

4

(B)     the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.

Tex. Code Crim. Proc. art. 64.03(a).  "[W]hether "reasonable grounds" exist for testing necessarily turns on what is required for testing." *See Ex parte Gutierrez*, 337 S.W.3d 883, 891 (Tex. Crim. App. 2011).  "Basic requirements are that biological evidence exists, that evidence is in a condition that it can be tested, that the identity of the perpetrator is or was an issue, and that this is the type of case in which exculpatory DNA results would make a difference."  *Id*.

Here, appellant requests that a sexual assault evidence collection kit and the complainant's dress be tested for DNA.  As an initial matter, the issue at trial was consent, rather than identity. The record reflects that identity was not an issue because appellant admitted he had a sexual encounter with the complainant on the night in question.[1]  *See Bell v. State*, 90 S.W.3d 301, 308 (Tex. Crim. App. 2002) (identity was not an issue because the defendant confessed to the charged offense); *see Baggett v. State*, 110 S.W.3d 704, 707 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (identity not an issue when appellant admitted to being with victim and perpetrating a crime).  Indeed, both the trial court and this Court identified the issue in this case as being consent.[2] Because appellant did not establish that identity was

---

[1] Article 64.03(b) provides that a defendant's confession or other admission of guilt does not remove identity as an issue in the case.  Tex. Code Crim. Proc. art. 64.03(b) ("[T]he convicting court is prohibited from finding that identity was not an issue in the case solely on the basis of [a] plea, confession, or admission.").

[2] In connection with the trial court's denial of appellant's state habeas application, the trial court made findings of fact and conclusions of law providing, in pertinent part:

> FOF 4.  Applicant was accused by the victim of having sexually assaulted her. Applicant gave a videotaped statement, a redacted version of which was played during trial, wherein he admitted having had sexual intercourse with the victim on the night in question.

> COL 11.  Identity was not an issue in this case due to Applicant's confession to

5

or is an issue in this case, the trial court properly denied appellant's request for post-conviction DNA testing.

Moreover, appellant cannot show the potential results from the testing would establish his innocence. Contrary to appellant's argument to the trial court, DNA results cannot prove or disprove whether the sex was consensual. Accordingly, appellant has not demonstrated that the potential results from DNA testing of the SAEE kit or black dress would establish his innocence. *See Ex parte Gutierrez*, 337 S.W.3d at 899.

For these reasons, the trial court did not err in denying appellant's motion for DNA testing. Appellant's issue is overruled.

### III. Conclusion

The order of the trial court is affirmed.

/s/     John Donovan
          Justice

Panel consists of Justices Boyce, Donovan, and Wise.
Do Not Publish—Tex. R. App. P. 47.2(b).

---

having a sexual encounter with the victim on the night in question.

Additionally, in our opinion on direct appeal, this Court observed "[a]ppellant admitted having sex with the complainant on the night of the offense. The issue before us is whether the evidence supports the jury's finding that the complainant did not consent." *Dove*, 2014 WL 6602421, at *3.