**Affirmed and Opinion Filed April 11, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00862-CR

**DAVID SHAWN FOTHERGILL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 063259**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Whitehill

The question before us is whether the trial court erred in denying appellant's motion for post-conviction DNA testing in this aggravated sexual assault and injury to an elderly person case.[1] Specifically, appellant sought an order requiring new testing and retesting of multiple items of biological material recovered from the crime scene where the prior testing revealed DNA from appellant, the complainant, and an unknown third party and there is no testimony that the attacker contributed any reproductive fluids to the crime scene.

For the reasons discussed below, we conclude that the trial court did not err by denying appellant's motion because appellant did not establish by a preponderance of the evidence that additional testing would prove his innocence. We therefore affirm the trial court's order.

---

[1] Appellant was charged under two different cause numbers, but appeals only under the aggravated sexual assault cause number.

## I. Background

Appellant attacked, beat, and raped KH one evening after she had gone to bed at home. When the police found her on the floor, she identified appellant as her attacker by name and said that she knew him because he had done work for her in the past.

Multiple items were collected at the crime scene, and blood and hair samples were taken from appellant and KH. DNA testing and comparison was done on many of these items.

The ring KH was wearing when she was attacked showed DNA from her, appellant, and an unknown person. A stain found on an alarm clock in KH's bedroom was consistent with a mixture of KH's and appellant's DNA. And the alarm clock cord showed a mixture of DNA from KH, appellant, and two unknown contributors.

Appellant was charged with and pled guilty to aggravated sexual assault and injury to an elderly person with the intent to cause bodily injury.[2] At the plea hearing, a Grayson County Sherriff's report detailing the investigation of the incident was admitted into evidence without objection.

After being admonished by the judge, appellant admitted that he knew KH and that he was entering his guilty plea voluntarily and because he was guilty. Appellant also said that he had seen the DNA report, and that the report showed his and KH's DNA on her ring and the alarm clock. He further acknowledged that KH had positively identified him as the perpetrator and that she suffered serious bodily injury. Appellant admitted that there was no reason for his DNA to be in KH's bedroom except for the fact that he was there the night she was attacked.

The trial judge sentenced appellant to fifty-five years imprisonment on each offense, with the sentences to run concurrently.

---

[2] The State abandoned the remaining paragraphs in the indictment.

Appellant subsequently moved for appointment of counsel and post-conviction DNA testing under code of criminal procedure chapter 64. The motion was accompanied by appellant's affidavit, which claimed that he was innocent and that there was evidence of an alternate perpetrator/contributor on which DNA testing was not performed.

The trial court appointed counsel to represent appellant on his motion, which was later submitted to the court on the parties' briefs.

The trial court denied the motion and made findings of fact and conclusions of law, stating in part that: (i) appellant failed to prove by a preponderance of the evidence that identity was an issue in the case, (ii) appellant admitted during the plea that he committed the acts he was accused of committing, (iii) appellant failed to show that the evidence was not previously tested, or if it was tested, that it could be tested with newer, more accurate results, and (iv) the presence of third-party DNA at the scene would not mean that appellant was innocent.

In a single issue, appellant challenges the trial court's denial of his motion, claiming that the statutory requirements were met and testing was therefore required.

## II. Analysis

### A. Standard of Review and Applicable Law

Where, as here, the trial court decides the motion based solely on the written submissions, we review the issues de novo because the trial court was in no better position to decide the matter than we are. *Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005).

In this case, appellant's request for testing includes material that was previously tested as well as material that he says should have been tested. Appellant's motion and brief were not specific as to the numerous pieces of evidence he wanted tested or retested.

A convicted person moving for post-conviction DNA testing must satisfy chapter 64's requirements. *See Wilson v. State*, 185 S.W.3d 481, 484 (Tex. Crim. App. 2006); *see also*

–3–

*Swearingen v. State*, 303 S.W.3d 728, 731 (Tex. Crim. App. 2010) (Chapter 64 "requires multiple threshold criteria to be met before a convicted person is entitled to DNA testing.").

Under article 64.01(b)(2), evidence that was previously subjected to DNA testing qualifies to be retested only if it can be "subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test." TEX. CODE CRIM. PROC. ANN. art. 64.01(b)(2).[3]

Furthermore, a convicted person must establish that (1) the evidence exists in a condition making DNA testing possible; (2) the evidence has been subjected to a sufficient chain of custody to establish its integrity; (3) identity was or is an issue in the case; (4) the person would not have been convicted had exculpatory results been obtained through DNA testing; and (5) the request for DNA testing is not made to unreasonably delay the execution of the sentence or interfere with the administration of justice. *Id.* art. 64.03(a); *Dinkins v. State*, 84 S.W.3d 639, 641–42 (Tex. Crim. App. 2002).

Regardless of the defendant's plea and the strength of the identification evidence adduced at trial, the defendant can make identity an issue in the case post-conviction by showing, by a preponderance of the evidence, that DNA tests would prove his innocence. *Esparza v. State*, 282 S.W.3d 913, 922 (Tex. Crim. App. 2009); *Blacklock v. State*, 235 S.W.3d 231, 233 (Tex. Crim. App. 2007). Chapter 64's identity issue requirement, however, "relates to the issue of identity as it pertains to the DNA evidence." *Prible v. State*, 245 S.W.3d 466, 470 (Tex. Crim. App. 2008). Thus, if the requested DNA testing would not determine the identity of the person who

---

[3] The statute was amended effective September 1, 2015. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01, 64.03 (West 2016). But the motion in this case was filed on January 26, 2015, before the effective date of the amendment. Therefore, we refer to the statute in effect at the time of the motion. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01, 64.03 (West 2014).

committed the offense or would not exculpate the person convicted, the statutory requirements are not met. *Id.*

**B.    Did appellant satisfy the statutory requirements?**

Appellant contends that the trial court should have granted his motion for DNA testing because DNA test results showing the presence of a third party in KH's room would make identity an issue and he met all of the other statutory requirements for testing. We disagree.

To begin, appellant did not, as the statute's plain text requires, establish that the previously tested evidence could be retested with newer techniques that provide a reasonable likelihood of more accurate and probative results than did the prior tests. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(b)(2). Specifically, nothing in appellant's motion establishes what testing methods were used, what specific "newer" methods are available, or a basis for concluding that any newer methods would yield more probative results.

More particularly, although appellant generally asserts that "new issues have come to light regarding DNA testing" and numerous prosecuting authorities are "sending out notices concerning discrepancies in the FBI database used to calculate the combined probability of inclusion for STR genetic profiles," there is no record evidence supporting that premise, or establishing that appellant received such a notice in this case. Nor does appellant tie these alleged deficiencies to any disputed evidence in this case.

Appellant identifies several pieces of untested evidence that he says should be tested, including: (i) KH's panties, (ii) pillowcases from the bed on which the assault occurred, (iii) swabs taken from appellant and his eyeglasses; (iv) swabs from blood found at the crime scene; (v) flashlights left at the crime scene; (vi) shorts and underwear appellant had on when he was arrested; (vii) the comforter and blanket from the bed on which the assault took place; and (vii) numerous pieces of the sexual assault kit. According to appellant, he would not have pled guilty

had DNA evidence excluded him as the perpetrator, and testing these materials might show the presence of another person's DNA. But appellant does not explain how negative test results for him, or the presence of a third party's DNA, on these (or other) items would exonerate him.

More specifically, appellant's bare assertion that the untested biological samples might belong to someone else are not sufficient to establish his innocence. *See Prible*, 245 S.W.3d at 470; *Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002). Rather, appellant had to show, by a preponderance of the evidence, that exculpatory DNA tests on the items at issue would change his case's outcome. *See Ex parte Gutierrez*, 337 S.W.3d 883, 900 (Tex. Crim. App. 2011).

Here, appellant does not explain how his DNA's absence or the presence of others' DNA on these untested items would prove exculpatory. His argument essentially suggests that it would cast doubt on KH's credibility and version of events *if* the analysis were to show the presence of a third party's DNA. But the convicted person must do more than simply ask for the testing so that he *might* be able to raise an argument. *Eubanks v. State*, 113 S.W.3d 562, 566 (Tex. App.—Dallas 2003, no pet.).

As the trial court found, even if the evidence were retested and determined to contain another person's DNA, it would not establish by a preponderance of the evidence that appellant would not have been convicted. That is, the presence of a third person's DNA at the crime scene would not exclude appellant as the attacker because the evidence would not show how or when that DNA came to be at the crime scene. *See Bell*, 90 S.W.3d at 308.

Turning to the specific items appellant identifies (discussed four paragraphs above), those items fall into three categories:

> (1) Items that appellant presumably believes could contain reproductive fluid DNA that a third person contributed to the complainant or the crime scene (KH's panties, bedding materials, and numerous pieces of the sexual assault kit).

(2) Items that appellant presumably believes would show a third person's presence in KH's room (for example, swabs from blood and flashlights found at the crime scene).

(3) Appellant's DNA on his eyeglasses and clothes.

As to the first category, the record does not contain evidence that would make the presence of DNA from a third person's reproductive fluids exculpatory for appellant because there is no evidence that appellant or anyone else contributed any reproductive fluids to the complainant or the crime scene during the attack. Nor is there any evidence of KH's sexual activity before the attack. Absent these types of evidence, the presence of a third person's reproductive fluid DNA on KH's panties, her bedding, or any pieces of the sexual assault kit would not exonerate appellant. *See Esparza v. State*, 282 S.W.3d 913, 921-22 (Tex. Crim. App. 2009) (Negative results would exonerate the appellant because, although the victim had sex two days earlier, there was no evidence indicating that such event was the source of the material to be tested.); *Blalock v. State*, 235 S.W.3d 231, 232-33 (Tex. Crim. App. 2007) (DNA results excluding the appellant as the reproductive fluid donor would exonerate the appellant.); *Smith v. State*, 165 S.W.3d 361, 364-65 (Tex. Crim. App. 2005) (Evidence that attacker left reproductive fluid during the attack and that the victim did not have intercourse with anyone other than her in the relevant time period warranted further DNA testing because results excluding the appellant as the DNA contributor would exonerate him as the attacker.). A trial court does not err in denying post-conviction DNA testing where, at most, exculpatory DNA tests would "merely muddy the waters." *Eubanks v. State*, 113 S.W.3d 562, 565 (Tex. App.—Dallas 2003, no pet.).

Regarding the second category, the presence of a third person's DNA on objects in KH's room without evidence of when or how that DNA got there would prove only that at some unknown time another person was in KH's room for some unknown reason. But that evidence would not exclude appellant as the attacker. *See Jacobs v. State*, 115 S.W.3d 108, 113 (Tex.

App.—Texarkana 2003, pet. ref'd) (Even if DNA testing of hair samples showed a third party, evidence would only demonstrate that a third party had been in appellant's vehicle at some point.).

And, the presence of appellant's own DNA on his own eyeglasses and clothes would prove only that he wore his eyeglasses and clothes. Those results, however, would not exonerate him. Nor would a third person's DNA on appellant's eyeglasses or clothes show appellant's innocence. *See Sheckells v. State*, No. 05-09-00747-CR, 2011 WL 1367087, at * 3 (Tex. App.—Dallas April 12, 2011, pet. ref'd) (mem. op.) (retesting reproductive fluid on defendant's jeans to exclude defendant as contributor would not establish defendant's innocence).

When he filed his motion for DNA testing, appellant denied that he sexually assaulted KH, claimed that he was too intoxicated to have committed the offense, and has "no memory or recollection" of the offense. But merely stating in a motion that he did not commit the offense is not enough to place identity at issue. *In re Gonzales, No.* 03-07-00649-CR, 2009 WL 2195421, at *3 (Tex. App.—Austin July 24, 2009) (mem. op.). Rather, it must be that DNA results could put identity at issue if those results would tend to exculpate appellant.

Relying on *Blalock v. State*, 235 S.W.3d 231, 233 (Tex. Crim. App. 2007) and *Esparza v. State*, 282 S.W.3d 913, 921 (Tex. Crim. App. 2009), appellant argues that the trial court erroneously relied on KH's identification of him to conclude that identity was not at issue. We are not persuaded by this argument for two reasons.

First, on a de novo review, whether the trial court relied on victim's identification of appellant of the attacker is not determinative. Moreover, unlike *Gutierrez v. State*, 337 S.W.3d 883, 894 (Tex. Crim. App. 2011), here there were no third party witnesses who also placed appellant at the crime scene.

Second, although the trial court's fact findings recite that KH identified appellant as her attacker, its conclusions of law do not indicate that those facts affected the trial court's ultimate decision to deny the requested testing.

For all of the above reasons, the trial court did not err by concluding that no further DNA testing was warranted because identity was not at issue and because appellant failed to show by a preponderance of evidence that that he would not have been convicted if DNA testing provided exculpatory evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a); *Birdwell v. State*, 276 S.W.3d 642, 646 (Tex. App.—Waco 2008, pet. ref'd).

We resolve appellant's issue against him, and affirm the trial court's order denying appellant's motion for testing.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
150862F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DAVID SHAWN FOTHERGILL, Appellant

No. 05-15-00862-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 15th Judicial District Court, Grayson County, Texas
Trial Court Cause No. 063259.
Opinion delivered by Justice Whitehill.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the order of the trial court is **AFFIRMED**.

Judgment entered April 11, 2016.