

# NUMBER 13-24-00217-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JAMES EDWARD MUZZY,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

## ON APPEAL FROM THE 103RD DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion by Chief Justice Tijerina**

Appellant James Edward Muzzy filed a motion for post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure, which the trial court denied. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01. By one issue, appellant contends "this case should be remanded for hearing by the trial judge to determine what biological evidence has been preserved and what should be retested under" Chapter 64. We affirm.

## I. STANDARD OF REVIEW AND APPLICABLE LAW

Pursuant to Chapter 64, a defendant may file a post-conviction motion in the convicting court requesting that items that were previously tested for DNA be retested or that DNA testing be performed on items that were not tested at the time of trial. *See id.* The purpose of Chapter 64 "is to allow a convicted person to establish innocence through DNA test results that exclude the person as the perpetrator of the offense." *Pegues v. State*, 518 S.W.3d 529, 533 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (citing *Blacklock v. State*, 235 S.W.3d 231, 232–33 (Tex. Crim. App. 2007)).

To be entitled to Chapter 64 post-conviction DNA testing, the movant must first show: (1) the items *were not* previously subjected to DNA testing; or (2) if the items *were* previously DNA-tested, those items (a) "can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test" or (b) the previously tested items were tested "at a laboratory that ceased conducting DNA testing after an audit by the Texas Forensic Science Commission revealed the laboratory engaged in faulty testing practices." TEX. CODE CRIM. PROC. ANN. art. 64.01(b)(1), (b)(2)(A). The defendant must attach an affidavit to his motion providing "statements of fact" in support of the claims, *see id.* art. 64.01(a-1), and general, conclusory assertions are insufficient. *Swearingen v. State*, 303 S.W.3d 728, 733–34 (Tex. Crim. App. 2010) ("[T]o to show evidence containing biological material [exists], a movant must articulate more than mere assertions.").

If these predicates are satisfied, the defendant must show: (1) the evidence exists and is in a "condition making DNA testing possible"; (2) the evidence has been kept within

2

a chain of custody establishing that no one has substituted, tampered with, replaced, or altered the items "in any material respect"; (3) identity was or is an issue in the case; and (4) the defendant's request for DNA testing "is not made to unreasonably delay the execution of sentence or administration of justice." TEX. CODE CRIM. PROC. ANN. art. 64.03(a); *Routier v. State*, 273 S.W.3d 241, 246 (Tex. Crim. App. 2008).

We review the trial court's denial of post-conviction DNA testing under a bifurcated standard. *Reed v. State*, 541 S.W.3d 759, 768 (Tex. Crim. App. 2017). We afford almost total deference to the trial court's determination of issues of historical fact and application of the law to fact issues turning on witness credibility and demeanor. *Id.* at 768–69; *Holberg v. State*, 425 S.W.3d 282, 285 (Tex. Crim. App. 2014). However, we consider "all other application-to-law-to-fact questions" de novo. *Holberg*, 425 S.W.3d at 285. We will sustain the trial court's decision if it is correct under any theory of law applicable to the case. *Evans v. State*, 628 S.W.3d 358, 362–63 (Tex. App.—Fort Worth 2021, no pet.) (citing *State v. Ross*, 32 S.W.3d 853, 855–56 (Tex. Crim. App. 2000)).

## II.    PERTINENT FACTS

On January 7, 2005, pursuant to a plea agreement with the State, appellant pleaded guilty to two counts of indecency with a child and was sentenced in accordance with the plea agreement to nine years' confinement. *See* TEX. PENAL CODE ANN. § 21.11.

On June 2, 2023, appellant filed a motion for post-conviction forensic DNA testing, wherein he set out the requirements of Chapter 64, but he did not include a request for specific evidence to be tested. On January 29, 2024, appellant filed a motion for independent examination of DNA evidence requesting the following:

3

"Police Supplementary Investigation Reports[.]" Defendant statements "written" or "verbal": Defendant (Alibi) Witnesses Statements "written" or "verbal" (A.R.'s three sons ([R.R.], [T.R.]. [J.R.]) . . . [A.B.'s] "recanted" "written" or "verbal" statements to Magistrate Judge Lopez: [S.F.'s] original 'OUT CRY' statement given on 8-29-04 with her mother [J.G.], in addition. Officer Sgt. Rodriguez, [S.F.] stated [sic]. ("Plaintiff had kissed her on the mouth"); Original Phone Call to Rio Hondo Police Dept. Approx. August 29. 04: Original 'OUT CRY' Statements [of A.B.] & [A.B.2]: Rio Hondo Police Dept. Original "Waiver" refusing to be interrogated: all Medical Records: Children Protection Services (C.P.S.) Investigation Reports; Extradite Warrant & phone calls records; Listed All State Evidence.[1]

However, he did not claim that any evidence contained biological material, and he did not attach an affidavit containing facts to support his motion for independent examination of DNA evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(a-1).

The State filed an "Article 64.02 Notice" on February 2, 2024, stating that it "could not deliver the evidence" because: (1) the "motions [were] deficient"; (2) appellant "fail[ed] to identify *what* evidence [he sought] to have subjected to post-conviction forensic DNA testing"; and (3) "the State [was] unable to determine whether any evidence potentially containing biological material exists and [was] unable to further respond on the merits."

On March 20, 2024, the State filed a reply to appellant's request for DNA testing denying that there was DNA evidence to test and stating that appellant failed to allege that the items listed in his motion contained biological material. The State argued (1) appellant had "not identified, beyond listing reports and statements, *what* evidence he seeks to have subjected to DNA testing"; "(2) the evidence listed did not have a reasonable likelihood of containing biological material; and (3)" appellant did not include

---

[1] We refer to the people discussed in appellant's motion by their initials to protect the identity of the child victims. *Cf.* TEX. R. APP. P. 9.8 (requiring identification of children by means of initials or fictitious names in parental rights and juvenile court cases).

"statements of fact in support of his motion." *See id.* art. 64.03(a)(1)(B) (providing that DNA testing may be required if a defendant requested "forensic DNA testing of evidence that has a reasonable likelihood of containing biological material").

On March 21, 2024, the trial court denied appellant's motion for post-conviction DNA testing by written order. This appeal followed.

### III.    DISCUSSION

By his sole issue, appellant argues that "[t]he trial court failed to comply with Article 64 regarding DNA testing" because it "did not investigate whether biological evidence was in the State's possession or make any findings about potential testing" and "[t]he record does not indicate whether any biological material was available, provided, or tested." Appellant requests that we remand the matter so that the trial court can order the State to provide appellant with the following things, if they exist: rape kits, clothing, swabs, scrapings, investigatory pictures, "SANE nurse examiner and hospital documentation related to these accusations," "[a] list of all evidence preserved, and a list of all evidence submitted to DPS or other laboratory or expert for analysis," and the "[r]esults of any testing that was performed including any expert reports." Finally, appellant suggests that Chapter 64 is unconstitutional.

Here, appellant failed to list any items that contained biological material in his motion. *See Swearingen*, 303 S.W.3d at 732 ("A literal reading of the statute unequivocally mandates that all evidence to be tested must first be proven to contain biological material."). Moreover, "Chapter 64 requires a post-conviction motion for DNA testing to 'be accompanied by an affidavit, sworn to by the convicted person, containing

5

statements of fact in support of the motion.'" *Evans*, 628 S.W.3d at 364. Here, no affidavit is attached to appellant's motion for post-conviction DNA testing; therefore, appellant did not provide any facts in support of his motion. *See id.*; *see also Marks v. State*, No. 2-09-144-CR, 2010 WL 598459, at *1 (Tex. App.—Fort Worth Feb. 18, 2010, no pet.) (mem. op., not designated for publication) (explaining that the appellant did not comply with Chapter 64 because he did not support his motion with an affidavit). "Where an appellant has failed to provide facts in support of his motion, we cannot say that the convicting court erroneously determined that appellant failed to show existence of evidence containing biological material." *Swearingen*, 303 S.W.3d at 732 (internal quotations omitted). Accordingly, "the record is void of any concrete evidence that biological material existed on [any] evidence sought to be tested." *See id.* at 733; *see also Reed*, 541 S.W.3d at 779 (explaining that the appellant in *Swearingen* failed to prove that the evidence contained biological material, "because he 'made[ ] only a general claim that biological material could be found from touching,' 'relie[d] on conclusory statements,'" and did not "present expert testimony to support the conclusion that DNA would necessarily be deposited"); *Fain v. State*, No. 02-10-00412-CR, 2012 WL 752652, at *10 (Tex. App.—Fort Worth Mar. 8, 2012, pet. ref'd) (mem. op., not designated for publication) (holding that the appellant was not entitled to post-conviction DNA testing because he "failed to establish that biological material exist[ed]" and did "not present expert testimony, scientific data, or trial records or testimony to support his conclusory statement").

Because appellant failed to comply with the statutory requirements of Chapter 64, the trial court correctly denied his motion. *See Swearingen*, 303 S.W.3d at 732 ("[A] mere

6

assertion or a general claim that existence of biological material is probable will fail to satisfy the appellant's burden."). We overrule appellant's sole issue.[2]

## IV. CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
27th day of February, 2025.

---

[2] Appellant also suggests that Chapter 64 is unconstitutional. However, appellant did not provide legal analysis of this issue. Accordingly, we find that he inadequately briefed this issue and we do not address it in this memorandum opinion. *See* TEX. R. APP. P. 38.1(i).

7